UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61542-CIV-UNGARO

JOSEPH C. HUBBARD, individually and on behalf of
all other similarly situated,

    Plaintiff,

v.

BANKATLANTIC BANCORP, INC.,
JAMES A. WHITE, VALERIE C.
TOALSON, JOHN E. ABDO, JARRETT S.
LEVAN and ALAN B. LEVAN,

    Defendants.
_____/

## ORDER ON MOTION FOR CLASS CERTIFICATION

THIS CAUSE is before the Court upon Lead Plaintiff's Motion for Class Certification, filed September 22, 2009 (D.E. 126). Defendants filed a response on October 9, 2009 (D.E. 147), stating that they do not object to class certification but reserve all rights to later move to alter or amend any class certification order under Federal Rule of Civil Procedure 23(c)(1)(C). Lead Plaintiff replied on October 13, 2009 (D.E. 149).

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. Accordingly, it is hereby

ORDERED AND ADJUDGED that Lead Plaintiff's Motion for Class Certification (D.E. 126) is GRANTED. It is further

ORDERED AND ADJUDGED that the proposed class representatives, State-Boston Retirement System and Erie County Employee Retirement System, are appointed as the "Class Representatives" for the certified class defined below (the "Class"). It is further

ORDERED AND ADJUDGED that the Court finds pursuant to Rule 23(a) that the Class

is so numerous that joinder of all members is impracticable; that there are questions of law or fact common to the Class; that the Class Representatives' claims are typical of the claims of other members of the Class; and that the Class Representatives will fairly and adequately represent other members of the Class. It is further

ORDERED AND ADJUDGED that the Court finds pursuant to Rule 23(b)(3), that common questions of law and fact predominate over the questions affecting only individual members of the Class, and that a class action is superior to other methods for the fair and efficient adjudication of this controversy. It is further

ORDERED AND ADJUDGED that the Court certifies a class of persons under Rule 23(b)(3) consisting of:

> All persons or entities who purchased or otherwise acquired shares of the Class A common stock of BankAtlantic Bancorp, Inc. between November 9, 2005 and October 25, 2007 and were damaged thereby. Excluded from the Class are Defendants,[1] the officers and directors of BankAtlantic Bancorp, Inc. at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants and/or any of their immediate families have or had a controlling interest.

It is further

ORDERED AND ADJUDGED that the Court appoints the law firms of Labaton Sucharow LLP and Barroway, Topaz, Kessler, Meltzer and Check, LLP as "Co-Class Counsel" pursuant to Rule 23(g), and the Court appoints Fowler White Burnett P.A. as "Liaison Class Counsel." It is further

ORDERED AND ADJUDGED that Class Representatives, after consultation with

---

[1] "Defendants" refer to BankAtlantic Bancorp, Inc., parent company of the federally-chartered bank, BankAtlantic, John E. Abdo, Alan B. Levan, Jarett S. Levan, Valeries C. Toalson and James A. White.

counsel for Defendants, shall submit a proposed notice to the Class, consistent with Rule 23(c)(2), for approval of this Court no later than 20 days from the date of this Order.  It is further

ORDERED AND ADJUDGED that Lead Plaintiff's Request for Oral Argument (D.E. 128) is DENIED AS MOOT.

DONE AND ORDERED in Chambers, in Miami, Florida this 19th   day of October, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record