**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-61542-CIV-UNGARO/SIMONTON**

JOSEPH C. HUBBARD, et al.,

      Plaintiffs,

v.

BANKATLANTIC BANCORP, INC., et al.

      Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO
COMPEL ANSWERS TO INTERROGATORIES**

      Presently pending before the Court is Defendants' Motion to Compel Answers To Interrogatories (DE # 151). This motion is referred to the undersigned Magistrate Judge (DE # 154). The motion is fully briefed (DE ## 163, 164). On November 4, 2009, the undersigned Magistrate Judge heard argument on the motion. For the reasons stated below, Defendants' motion is granted.

      **I.** **Background**

      On October 27, 2007, Plaintiffs filed their initial Complaint (DE # 1). On April 22, 2008, Plaintiffs filed an Amended Complaint (DE # 51). On June 6, 2008, Defendants moved to dismiss the Complaint on the grounds that it did not adequately plead: 1) material misrepresentations or omissions; 2) scienter; and, 3) loss causation. The motion to dismiss relied on the claimed inadequacy of Plaintiffs' reliance on seven confidential witnesses (DE # 57). On December 12, 2008, the District Court granted the motion to dismiss and dismissed the Amended Complaint without prejudice. In granting the motion to dismiss, the Court considered the heightened pleading requirements under the Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. § 78u-4(b) (hereafter PSLRA), in finding that the Amended Complaint failed to state a claim as

to scienter, primarily because the Court was unable to give any significant weight to the allegations attributed to the confidential witnesses (DE # 70).

On January 12, 2009, Plaintiffs filed their three-count First Amended Consolidated Complaint, alleging a class action securities fraud, under the Securities Exchange Act of 1934 (hereafter Exchange Act).  In the Amended Complaint, Plaintiffs allege violations of: Section 10(b) of the Exchange Act and Rule 10b-5 (against all Defendants) (Count I); Section 20(a) of the Exchange Act (against all individual Defendants) (Count II); and, Section 20A of the Exchange Act (against Defendants Abdo and A.  Levan) (Count III).  To prove scienter, Plaintiffs rely on six confidential witnesses (DE # 80).  On February 6, 2009, Defendants moved to dismiss this Complaint, again arguing that the confidential witness allegations did not establish scienter, along with other alleged deficiencies in pleading (DE # 85).  On May 11, 2009, the District Court denied the motion to dismiss, finding that Plaintiffs had provided sufficient information concerning the basis for the confidential witnesses' knowledge for the Court to give substantial weight to the allegations made by the confidential witnesses (DE # 94).

On June 10, 2009, Defendants filed their Answer to the First Amended Consolidated Complaint (DE # 100).

On June 24, 2009, the District Court entered a scheduling order for this case, setting the discovery deadline for December 4, 2009 (DE # 102).  On October 9, 2009, the District Court entered an amended scheduling order for this case, setting the discovery deadline for May 21, 2010 (DE # 148).

II.  <u>The Parties' Positions</u>

Defendants move to compel Plaintiffs to answer Interrogatories 1 through 6, which seek the identities and certain other information concerning the six confidential

witnesses upon whom Plaintiffs relied in the First Amended Consolidated Complaint. Defendants submit that the identities of the confidential witnesses are discoverable (DE # 151 at 9-11), and that they are not privileged from disclosure.  Specifically, they assert that the identities are not protected as work product (DE # 151 at 11-12); do not constitute privileged attorney-client communications (DE # 151 at 12); disclosure is not protected by the public interest (DE # 151 at 12-13); and, disclosure is not protected by privacy concerns (DE # 151 at 14).  Defendants finally assert that since discovery is ongoing, it is not too early for Plaintiffs to provide the names of the confidential witnesses (DE # 151 at 14).

Initially, Plaintiffs respond that the motion to compel should be denied because it was not timely filed under Local Rule 26.1 H. 1. (DE # 163 at 10-11).  Plaintiffs respond on the merits that they presently do not intend to use the confidential witnesses as witnesses at trial, and so, do not have to reveal their identities (DE # 163 at 12); the identities of the confidential witnesses are protected from disclosure as attorney work product (DE # 163 at 12-16); Defendants have no substantial need for the identities of the confidential witnesses (DE # 163 at 17-18); protecting the identities of the non-testifying confidential witnesses serves public policy concerns and the goals of the PSLRA (DE # 163 at 18-20); and, public policy considerations should enhance work product protection where confidential witnesses fear retaliation from a former employer (DE # 163 at 21-24).

Defendants reply that their motion to compel was timely (DE # 164 at 3-4). Defendants then reiterate that 1) the confidential witness information is discoverable (DE # 164 at 4-6); 2) the confidential witness information is not work product (DE # 164 at 6-8); 3) Plaintiff's public interest objection is meritless (DE # 164 at 8-9); and 4) Plaintiff's retaliation argument is baseless (DE # 164 at 9-10).

### III.  Analysis

For the reasons stated below, Defendants' motion is granted, and on or before November 30, 2009, Plaintiff shall provide Defendants with better answers to interrogatories, including but not limited to the names of confidential witnesses 1 through 6.  The discovery deadline in this case in May 21, 2010, and Defendants must be allowed to obtain the names of the confidential witnesses at this time, depose them if so desired, and conduct any further discovery which results from those depositions.

### A.  Defendants' Motion Will Not Be Denied As Untimely

Plaintiffs answered Defendants' interrogatories on August 27, 2009.  On September 22, 2009, the parties conferred regarding the issue raised in the instant motion.  Defendants then filed the instant motion on October 19, 2009, more than thirty days after Plaintiffs answered Defendants interrogatories.  This is a violation of Local Rule 26.1 H. 1.  However, as the undersigned stated at the hearing, Defendants' motion will not denied on that ground, as the motion was filed within a reasonable time; Defendants conferred with Plaintiffs concerning the subject matter of the motion within thirty days after receiving Plaintiffs' answers to interrogatories; Defendants filed the present motion within thirty days thereafter; and Plaintiffs acknowledge that they have not been prejudiced by the delay.

### B.  Defendants' Motion is Granted

Defendants' motion is granted.  Even if Plaintiffs do not intend to call the confidential witnesses at trial, they must provide the names of the confidential witnesses in response to Defendants' discovery request.  Furthermore, the names of the confidential witnesses are not attorney work product.  Additionally, there is no public policy which protects the identities of the confidential witnesses and there is no

"informer's privilege" for a confidential witness in a case brought under the PSLRA .

1. __The Names of the Confidential Witnesses Are Discoverable__

The names of the confidential witnesses whom Plaintiffs relied upon in their

Complaint are discoverable.  The identities of witnesses are discoverable.  *See Castle v.*

*Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *accord Myers v. Goldco,*

*Inc.*, Case No. 4:08cv8-RH/WCS, 2008 WL 1995131 at 1-2 (N.D. Fla. May 6, 2008).  Many

courts have found that the identities of confidential witnesses in securities fraud class

actions are discoverable.  *See In re Netbank, Inc. Sec. Litig.*, Case No. 07cv2298, 2009 WL

2461036 at *17 (N.D. Ga. Aug. 7, 2009) ("The Federal Rules of Civil Procedure provide that

'[p]arties may obtain discovery regarding any non-privileged matter that is relevant to

any party's claim or defenses-- including. . .the identity and location of persons who

know of any discoverable matter"); *Lefkoe v. Jos. A. Bank Clothiers*, Civil No. WMN-06-

1892, 2009 WL 3003247 at *10-11 (D. Md. May 1, 2009); *In re Faro Technologies Sec.*

*Litig.*, Case No. 05cv1810, 2008 WL 205318 at *2 (M.D. Fla. Jan. 23, 2008); *Brody v, Zix*

*Corp.*, Case No. 04cv1931, 2007 WL 1544638 at *2 (N.D. Tex. May 25, 2007); *In re*

*Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631 (N.D. Ga. 2002); *Hoffman v. United*

*Telecommunications, Inc.*, 117 F.R.D. 440, 443-44 (D. Kan. 1987).

Plaintiffs are correct that they are not required to provide in their initial disclosure

the names of persons with knowledge of the facts of the case, if Plaintiffs do not intend

to use those persons to support their claims.  *See* Advisory Committee Notes to

Fed.R.Civ.P. Rule 26.[1]  Here, however, Defendants are requesting the names of the

confidential witnesses in a discovery request, not as part of Plaintiffs' initial disclosure,

---

[1]  The undersigned notes that "use" is more broadly defined in the Advisory
Committee Notes than "use at trial;" and, the disclosure requirements also apply to "use
at a pretrial conference, to support a motion, or at trial."

so the limitation on initial disclosures does not apply, and the names must be provided. *See In re Netbank, Inc.*, 2009 WL 2461036 at *17 fn. 18; *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, Case No. 04cv8144, 2008 WL 2941215 at *2 (S.D.N.Y. Jul. 30, 2008).[2]

      2.  <u>The Names of the Confidential Witnesses Are Not Work Product</u>

      Plaintiffs put forward in their Complaint the existence of the confidential witnesses and the information which they provided.  Since Plaintiffs have used the confidential witnesses in their Complaint, the identities of the confidential witnesses are not work product because Plaintiffs have already disclosed their existence and some of the information obtained from them.  Therefore, disclosing the identities of the confidential witnesses will not reveal any more of the mental impressions, conclusions, opinions and legal theories of Plaintiffs' attorneys than Plaintiffs' attorneys have already chosen to reveal in the Complaint.  *See Cason-Merenda v. Detroit Medical Center*, Case No. 06-15601, 2008 WL 659647 at *4 (E.D. Mich. Mar. 7, 2008); *In re Faro*, 2008 WL 205318 at *2; *Brody v. Zix Corp.*, 2007 WL 1544638 at *2; *Mazur v. Lampert*, Case No. 04-61159, 2007 WL 912721 at *3-4 (S.D. Fla. Mar. 25, 2007); *Norflet v. John Hancock Fin. Servs., Inc.*, Case No. 3:04cv1099(JBA), 2007 WL 433332 at *2 (D. Conn. Feb. 5, 2007); *In re Theragenics*, 205 F.R.D. at 631; *In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 427 (N.D.

---

      [2]  Plaintiffs rely heavily on *Mazur v. Lampert*, Case No. 04-61159, 2007 WL 912721 at *6 (S.D. Fla. Mar. 25, 2007), to support their argument that the identities of their confidential witnesses are not discoverable.  To the extent that *Mazur* holds that the plaintiffs in a PLSRA case do not have to disclose the names of confidential witnesses who they do not intend to use as witnesses at trial, the undersigned declines to follow that broad holding.  In *Mazur*, unlike the case at bar, all persons with knowledge of the facts alleged in the Complaint had been disclosed in Plaintiffs' Rule 26(a) disclosures; and, certain of the confidential witnesses were going to be used at trial and the identities of those witnesses was ordered disclosed.  In this case, unlike *Mazur*, there are no other witnesses identified by Plaintiffs regarding the facts alleged in the Complaint which are attributed to these witnesses to establish scienter; and, Plaintiffs have stated that they do not presently intend to call any of the confidential witnesses used in the Complaint to testify at trial.

Cal. 2007); *In re Aetna Inc. Sec. Litig.*, Case No. MDL1219, 1999 WL 354527, at *3, 6 (E.D. Pa. May 26, 1999); *American Floral Servs. Inc. v. Florists' Transworld Delivery Ass'n*, 107 F.R.D. 258 (N.D. Ill. 1985).[3]

At the hearing, Plaintiffs' counsel stated that they do not presently intend to use the confidential witnesses as trial witnesses, and that Plaintiffs do not know of <u>any</u> witnesses they currently intend to use at trial with respect to the issue of scienter, or to prove the allegations of the Complaint which are attributed to these witnesses to prove scienter.  At the present time, Plaintiffs intend to prove this element of the case by using documents which are produced to them in the course of discovery.  However, Plaintiffs' counsel stated that if Plaintiffs decided to use the confidential witnesses as trial witnesses, Plaintiffs would then reveal their names to Defendants by amending their initial disclosures.  In light of this fact, it would be unfair to permit Plaintiffs to rely so heavily in their Complaint on the confidential witnesses, yet allow Plaintiffs to keep their identities from Defendants during discovery, unless and until Plaintiffs decide to use the confidential witnesses at trial witnesses, perhaps at the very end of the discovery period.  *See Miller v. Ventro Corp.*, Case No. 01cv01287, 2004 WL 868202, at *2 (N.D. Cal. Apr. 21, 2004).

Moreover, it is even more compelling to provide the names of the confidential

---

[3] Plaintiffs have relied on *In re MTI Tech. Corp. Sec. Litig.*, Case No. SACV 00-0745, 2002 WL 323443347 at *2-5 (C.D. Cal. Jun. 13, 2002); *In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002), and *Electronic Data Sys. Corp. v. Steingraber*, Case No. 4:02 CV 225, 2003 WL 21653405 at *2 (E.D. Tex. Jul. 9, 2003), for the proposition that the identity of confidential witnesses is attorney work product, and would reveal counsel's opinions regarding the relative importance of the confidential witnesses (DE # 163 at 7-11).  The undersigned rejects the reasoning in the above cases, and adopts the contrary rationale of the cases cited in the body of this Order.

witnesses in the instant case, than it was in *In re Harmonic.*, *supra.,* and in *American Floral Servs. Inc. v. Florists' Transworld Delivery Ass'n*, *supra.*  In *In re Harmonic*, the plaintiffs included the confidential witnesses as part of 77 witnesses in their initial disclosures.  In *American Floral Servs.,* the plaintiffs included the confidential witnesses as part of 200 witnesses in their initial disclosures.  Both courts found that the plaintiffs had to provide the names of the confidential witnesses so that the defendants could avoid looking for a "needle in a haystack".  *In re Harmonic*, 245 F.R.D. at 427; *American Floral Servs.*, 107 F.R.D. at 260-61.  *Accord Lefkoe v. Jos. A. Bank Clothiers*, 2009 WL 3003247 at *10-11 (the plaintiffs who, in their initial disclosure, named 58 witnesses, including the 19 confidential witnesses, had to provide the names of the confidential witnesses in response to an interrogatory).  At the hearing on this motion, Plaintiffs' counsel stated that they had not provided the names of <u>any</u> witnesses in their initial disclosures and that they did not know of any witnesses they intended to use at trial (emphasis added).  Thus, contrary to Plaintiffs' assertions (DE # 163 at 17-18), Defendants have shown a substantial need for the identities of the confidential witnesses.  The undersigned finds that for Defendants to be able to engage in meaningful discovery, Plaintiffs must identify the confidential witnesses now.

   3.  <u>There Is No Public Policy Protecting The Names of the Confidential Witnesses</u>

   There is no public interest privilege that precludes lawful discovery of confidential witnesses in this case.  *See Higgenbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756-57 (noting that there is no "informer's privilege" in civil litigation).  Many other courts have rejected Plaintiffs' position. *See In re Netbank.*, 2009 WL 2461036 at *17; *In re Theragenics*, 205 F.R.D. at 637; *In re Aetna Inc.* 1999 WL 354527, at *4.  If Congress wished to create an informer's privilege for confidential witnesses in PSLRA case, it

knew how to do so and could have done so.  *See Mazur v. Lampert*, Case No. 04-61159, 2007 WL 912721 at *4. (S.D. Fla. Mar. 25, 2007).

While there may be a privilege that protects persons who give statements to government investigators in a civil context, such as a Fair Labor Standards Act investigation, there is no such privilege for private civil litigation.  *See Brody v, Zix Corp.*, 2007 WL 1544638 at *2, n. 3; *accord Mazur v. Lampert*, 2007 WL 912721 at *4.

The cases relied upon by Plaintiffs to support their position that there is a public policy to protect the identities of non-testifying confidential witnesses in PSLRA cases (DE # 163 at 18, fn. 8), are factually distinguishable.  All of Plaintiffs' cited cases involve the permissible use of anonymous confidential witnesses in pleading under the PSLRA, not during the discovery process.  Even in this case, the District Court allowed Plaintiffs to use anonymous confidential witnesses in their First Amended Consolidated Complaint.

    4.  <u>There Is No Right of Privacy Concerning The Confidential Witnesses</u>

Plaintiffs have not shown that the confidential witnesses have any right of privacy that would be violated by the disclosure of their identities.  While Plaintiffs' counsel may have assured the confidential witnesses that their identities would not be revealed without a court order, that fact would not create any enforceable expectation of privacy. In fact, if Defendants' motion is granted, the identities of the confidential witnesses will be disclosed pursuant to a court order.

Moreover, the only evidence Plaintiffs have presented regarding the belief of the six confidential witnesses that their identities will be kept private, and the fear of retaliation, is one redacted affidavit of one confidential witness, executed in April 2008. This affidavit is insufficient to establish the expectation of privacy and/or fear of

retaliation of all six confidential witnesses.  Plaintiffs' counsel has not sought any type

of protective order, other than non-disclosure; and, did not suggest one at the hearing

when the Court commented on that fact.  Under the circumstances of this case, the

understandable desire for privacy must give way to Defendants' rights to discovery.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Compel Answers To

Interrogatories (DE # 151), is **GRANTED**.  On or before December 2, 2009, Plaintiff shall

provide Defendants with better answers to interrogatories, including but not limited to

the names of confidential witnesses 1 through 6.

**DONE AND ORDERED** in Miami, Florida, on November 17, 2009.

_Andrea M. Simonton_

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro, United States District Judge**
**All counsel of record**