UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61542-CIV-UNGARO/SIMONTON

IN RE BANKATLANTIC BANCORP. INC.
SECURITIES LITIGATION

## JOINT STATUS REPORT

Pursuant to the Court's April 1, 2010 Order Requiring Response (the "Order"), the parties submit this Joint Status Report.

**1.   The state of the class notification.**

Plaintiffs mailed 31,072 Notices to potential class members, with the initial mailing sent on December 4, 2009. In response, Plaintiffs received no objections and only 7 exclusions.

**2.   The extent of any informal settlement negotiations (or if there have been none, the reason(s) for failure to do so).**

Plaintiffs' Position:

The parties have not engaged in any settlement negotiations to date. There is currently a mediation scheduled for June 2-3, 2010. It is Plaintiffs' understanding that the agreed-upon mediator, Mark Buckstein, attempted to move the mediation date from June 2010 to March 2010. Plaintiffs were amenable to the earlier mediation to save time and resources in the event the mediation was successful; Defendants were not.

1

Plaintiffs strenuously disagree with the substance and strident tone of Defendants' statements incorporated in this "Joint" Status Report. However, Plaintiffs believe it is inappropriate and beyond the scope of this Court's Order to respond in kind in this document. Instead, Plaintiffs will use the upcoming motion practice and trial to demonstrate that Defendants issued materially misleading statements to the public with scienter in violation of the Securities and Exchange Act of 1934.

Defendants' Position:

The parties have had neither informal nor formal settlement conversations. Indeed, Defendants believe the Court should anticipate the probability that the case will not settle, notwithstanding that the assigned mediator, Mark Buckstein, has a long and successful track record in bringing parties together. The reasons for that belief will be reflected in Defendants' dispositive motions. In summary, we will show in those motions that the case was frivolous when filed, that the confidential witness allegations made to avoid a motion to dismiss were largely made up out of whole cloth, and that the single witness who has agreed that she said what the Plaintiffs claim she had said, has offered testimony so patently false that any reasonable inquiry would have demonstrated it as such. While with the benefit of hindsight it is clear that BankAtlantic made loans that turned out to be bad, having avoided condominium lending, subprime lending and similar high risk investments, BankAtlantic will survive without government assistance when so many others have failed (or would have failed absent government assistance). Indeed, the very pressure to settle frivolous securities claims is precisely the evil Congress attempted to remedy when it adopted the barriers to bringing such claims contained in Private Securities Litigation Reform Act, and the Plaintiffs in this case

overcame those barriers solely by making fictitious allegations. Every investor who purchased stock in the class period was fully and repeatedly warned that BankAtlantic was heavily invested in Florida real estate, that a decline in the value of Florida real estate could cause very substantial losses, and that management saw signs that such a decline might very well occur. BankAtlantic Bancorp's risk disclosure was the most extensive of any institution engaged in similar lending practices and it was one of the first institutions to report substantial loan losses. Losses of a similar or much greater magnitude were reported by other institutions much later.

**3.    Any motions the parties anticipate filing in this case (with the exception of any motions for extensions of time).**

<u>Plaintiffs' Anticipated Motions:</u>

Plaintiffs anticipate filing the following motions: (1) a motion for leave to amend the complaint in order to shorten the class period, conform the pleading to the evidence obtained during discovery, and simplify and streamline the case for trial; (2) a motion for partial summary judgment; (3) a motion to compel a complete privilege log; (4) various *in limine* motions; (5) possible *Daubert* motions; and (6) as discovery is not complete, and to the extent necessary, Plaintiffs may file discovery motions in connection with Defendants' failure to satisfy its discovery obligations.

It bears noting that since discovery is not yet complete, it is possible that Plaintiffs may need to engage in motion practice beyond that listed above. Plaintiffs promptly will notify the Court if additional motion practice is necessary, but respectfully reserve their rights to engage in motion practice that may not fall within one of the anticipated motion categories listed above.

3

Defendants' Anticipated Motions:

Defendants will be filing a motion to dismiss with prejudice and for sanctions, for the false allegations asserted by Plaintiffs to avoid the constraints of the Reform Act. In that motion, the Court will see that this is not the first time these attorneys have engaged in similar practices, which, if ignored, would simply eviscerate the requirements of the Reform Act. Defendants will also be filing a motion to shift the costs of document production pursuant to Florida Statute § 655.059, dispositive motions for summary judgment, and motions in limine. Considering the frivolity of the claims and the willingness of some "experts" to sell testimony, it is also likely that *Daubert* motions will be brought.

Respectfully submitted,

Dated: April 5, 2010

LABATON SUCHAROW LLP

By: /s/ Mark S. Arisohn
MARK S. ARISOHN, *pro hac vice*
SERENA HALLOWELL, *pro hac vice*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Class Counsel for Class Representatives and the Class and Lead Counsel for Lead Plaintiff State-Boston Retirement System*

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
ANDREW L. ZIVITZ, *pro hac vice*
MARK S. DANEK, *pro hac vice*
MICHELLE NEWCOMER, *pro hac vice*
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Class Counsel for Class Representatives and the Class*

RONALD D. SHINDLER # 781703
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza 14th Floor
1395 Brickell Avenue
Miami, FL 33131-3302
rshindler@fowler-white.com
Tel: (305) 789-9222

*Liaison Counsel for Class Representatives and the Class and for Lead Plaintiff State-Boston Retirement System*

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

By: /s/ Adam Schachter
Eugene E. Stearns
Florida Bar No. 149335
estearns@stearnsweaver.com
Richard B. Jackson
Florida Bar No. 898910
rjackson@stearnsweaver.com
Adam M. Schachter
Florida Bar No. 647101
aschachter@stearnsweaver.com
Gordon M. Mead, Jr.
Florida Bar No. 49896
gmead@stearnsweaver.com
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Attorneys for Defendants*