UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61542-CIV-UNGARO/SIMONTON

IN RE BANKATLANTIC CORP, INC.
SECURITIES LITIGATION

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
REASONABLE COSTS AND FEES INCURRED IN PRODUCING DOCUMENTS**

LABATON SUCHAROW, LLP
Mark S. Arisohn, admitted *pro hac vice*
Serena Hallowell, admitted *pro hac vice*
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Class Counsel for Class Representatives
and the Class and Lead Counsel for Lead-
Plaintiff State-Boston Retirement System*

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
Andrew L. Zivitz, admitted *pro hac vice*
Matthew L. Mustokoff, admitted *pro hac vice*
Mark S. Danek, admitted *pro hac vice*
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Class Counsel for Class Representatives
and the Class*

FOWLER WHITE BARNETT P.A.
Ronald D. Shindler, Esq.
Florida Bar No. 781703
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, FL 33131-3302
Telephone: (305) 789-9222
Facsimile: (305) 789-9201
rshindler@fowler-white.com

*Liaison Counsel for Class Representatives and
the Class and for Lead Plaintiff State-Boston
Retirement System*

Co-Class Representatives, State-Boston Retirement System ("State-Boston") and Erie County Employee Retirement System ("Erie") (collectively "Plaintiffs"), respectfully submit this Opposition to Defendants' Motion for Reasonable Costs and Fees Incurred in Producing Documents ("Defendants' Motion").

Plaintiffs brought a federal securities fraud class action against Defendants under the Securities and Exchange Act of 1934. Having survived a motion to dismiss, Plaintiffs were entitled to discovery and document production under the Federal Rules of Civil Procedure. Defendants never invoked any of the procedures provided in Rule 26, Fed. R. Civ. P., to recover costs incurred in producing documents. Rather, they seek such recovery now pursuant to an inapplicable Florida statute (Fla. Stat. § 655.059). Even if the statute could be read to apply as Defendants claim, such application would be preempted by federal law. Moreover, the fees demanded are unreasonable and unsupported.

## FACTUAL BACKGROUND

Plaintiffs served requests for production of documents on Defendants pursuant to Fed. R. Civ. P. 26 and 34. Defendants initially refused to produce documents citing Fla. Stat. § 655.059, which requires the advance payment of costs and fees incurred by financial institutions in producing documents pursuant to a subpoena. *See* Letter dated August 13, 2009, attached as Exhibit A to the Declaration of Mark S. Arisohn ("Arisohn Decl."). Plaintiffs countered that the cited Florida statute was not applicable for various reasons. *See, e.g.,* Letter dated August 17, 2009, attached as Exhibit B to the Arisohn Decl. Defendants thereafter produced documents, while reserving their right to bring the instant motion.

This motion is frivolous and should be denied.

## ARGUMENT

1. **The Florida Statute Does Not Apply to BankAtlantic's Production of Documents Pursuant to Fed. R. Civ. P. 34**

Fla. Stat. § 655.059 (1)(e)(2004) states in relevant part:

> The books and records of a financial institution are confidential and shall be made available for inspection and examination only...[a]s compelled by a court of competent jurisdiction, ***pursuant to a subpoena*** issued pursuant to the Florida Rules of Civil Procedure or the Florida Rules of Criminal Procedure or the Federal Rules of Civil Procedure or issued pursuant to a subpoena issued in accordance with State or Federal law. Prior to the production of the books and records of a financial institution, the party seeking production must reimburse the financial institution for the reasonable costs and fees incurred in compliance with the production. If the parties disagree regarding the amount of reimbursement, the party seeking the records may request the court or agency having jurisdiction to set the amount of reimbursement. (emphasis added).

The plain language of the statute establishes that it was designed to reimburse financial institutions for costs and fees incurred in producing books and records "pursuant to a subpoena." The "pursuant to a subpoena" limitation is key reflecting that the statute is intended to apply only where an institution as a non-party is required by subpoena to produce its documents in the context of a dispute between others. Here, BankAtlantic was not requested to produce documents pursuant to a subpoena. As a party to this litigation, BankAtlantic was required to produce documents upon Plaintiffs' request pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

Unable to find a case which applies § 655.059(1)(e) to a bank's production of documents pursuant to Rules 26 and 34 of the Federal Rules, Defendants cite two cases (in a footnote) that stand for the unremarkable concept that the scope of production pursuant to a Rule 45 subpoena is equivalent to the scope of production pursuant to a request for production under Rules 26 and 34. In *Regions Bank v. Lynch,* No. 2:08-0031-FTM-UA-SPC, 2009 WL 395780, at *1-2 (M.D. Fla. Feb. 17, 2009), the district court upheld a Magistrate Judge's refusal to award fees and costs

2

to the plaintiff bank pursuant to Fed. R. Civ. P. 37(a)(4)(A). The issue of fees and costs pursuant to Fla. Stat. § 659.059(1)(e) was not discussed in the opinion cited at all. And in *Commisariat A L'Energie Atomique v. Samsung Elec. Co., Ltd.*, No. 8:06-mc-44-T-30TBM, 2006 WL 5003562 (M.D. Fla. June 14, 2006), the court held that the "scope of discovery through a subpoena is 'exceedingly broad' and incorporates the provisions of Rule 26(b) and 34." *Id.* at *2 (citation omitted). However, nowhere does the court reference Fla. Stat. § 655.059(1)(e) or make any ruling on fees or costs.

Significantly, while the scope of discovery through a Rule 45 subpoena may overlap with the scope of discovery through a Rule 34 document demand, these rules address the issue of costs of compliance quite differently. Like Fla. Stat. § 655.059 that reimburses a third-party financial institution subpoenaed to produce its records, Rule 45(c)(1), Fed. R. Civ. P., entitles a third party to recover expenses and costs of compliance with a subpoena where the burden or expense of such compliance would be "undue." In contrast, Rule 26 makes clear that costs and expenses incurred by a party complying with a Rule 34 request for production are borne by the party unless the party is victimized by discovery abuse (Rule 26(g), Fed. R. Civ. P.) or, with respect to the production of electronically stored information, the party can show that the information is not reasonably accessible because of undue burden or cost (Rule 26(b)(2)(B), Fed. R. Civ. P.). Neither rule was ever invoked by BankAtlantic.

**2. The legislative history of the Florida statute supports Plaintiffs' position that the statute was not intended to be used as a means to recover costs and fees by party-defendants served with document requests.**

A review of the statute's legislative history confirms that it was designed to protect access to a financial institution's books and records and the confidentiality of those records. *See* Fl. Staff An., S.B. 2960, Section 9, April 2, 2004 (Section 9 amends § 655.059, F.S., relating to

3

access to books and records of a financial institution and the confidentiality of such records. The bill specifies that any such [books and records] production must be pursuant to a subpoena issued pursuant to Florida Rules of Civil or Criminal Procedure or the Federal Rules of Civil Procedure). Nowhere in the analysis is there any reference to the reimbursement of a financial institution for fees and costs in complying *as a party litigant* with a discovery request. Indeed, the Senate Staff Analysis specifically cites the example of the type of activity this statute was designed to address: where a *subpoena* is served by an attorney in a lawsuit *against a bank customer*. *Id.* at Section 9. This is in stark contrast to the facts at hand.

### 3. Application of Section 655.059 as suggested by Defendants' is preempted by federal law.

Even if § 655.059 could be read to apply to a bank's production of documents as a party pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, such application would be preempted by federal law. *Jones v. United Space Alliance LLC.*, No. 6:04-CV-78-ORL-28KRS, 2006 WL 2166709 (M.D. Fl 2006), *aff'd on other grounds*, 494 F.3d, 1306 (11th Cir. 2007), raised the issue of whether a Florida statute governing the award of attorneys fees (Fl. Stat. § 768.79) applied to a case in federal court. The court ruled that such application of the state statute would conflict with Rule 68 of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988. An application for fees under the state statute was therefore rejected on the grounds of federal preemption.

The same analysis controls here: the interpretation of Fl. Stat. § 655.059 as urged by Defendants would conflict with and therefore is preempted by Rules 26 and 34 of the Federal Rules of Civil Procedure. Unlike the Florida statute that requires reimbursement of costs and fees without any showing, the Federal Rules require a showing of abuse (Rule 26(g)) or that

4

electronically stored information is not reasonably accessible because of undue burden or cost (Rule 26(b)(2)(B)).

### 4. The amount requested is unreasonable and unsupported.

If Defendants' Motion is granted, they would only be entitled to the reimbursement of reasonable costs and fees associated with their production. Here, Defendants have demanded ***$2.1 million*** to cover their costs for reviewing and producing approximately 1.7 million pages of documents.[1] Presumably, no part of this $2.1 million includes an amount for having engaged in a confidentiality review of the documents since Defendants conceded in a different context that they never performed a "confidentiality" analysis of the documents. *See* Plaintiffs' Motion to Remove Confidential Designation From Records (DE 219 and 220).

Additionally, Defendants provide no details or substantiation for any of the alleged costs and fees. In similar situations the court has held that motions for fees must be justified. *See Royal Surplus Lines Ins. Co. v. Coachman Industries.* 229 F.R.D. 695 (M.D. Fla., 2005) (holding "[m]otions requesting attorneys fees must be supported with proof of entitlement") (quoting *Jones v Credit Bureau of Greater Garden City, Inc.* No. 87-1302-C, 1989 WL 134945 at, *1 (D. Kan. Oct. 24, 1989)); *see also Rico v. American Family Ins. Group* 2002 WL 1906919 at, * 3 (E.D. La., Aug. 19, 2002) (denying motion for fees as attorneys "failed to establish their entitlement").

---

[1] As an aside, many, if not all, of these same documents were also produced by the Defendants to the SEC (in response to document requests that pre-dated Plaintiffs' outstanding requests) and in related actions against BankAtlantic. *See* Arisohn Decl. at ¶ 4. It would be unreasonable in the extreme to require Plaintiffs in this action to bear the purported costs associated with documents that Defendants reviewed and produced in other actions and in connection with the SEC's investigation into BankAtlantic.

## **CONCLUSION**

For the reasons cited above, we respectfully request the Defendants' motion be DENIED.

Dated: June 11, 2010

        LABATON SUCHAROW, LLP

        */s/ Mark S. Arisohn*
        Mark S. Arisohn, admitted *pro hac vice*
        Serena Hallowell, admitted *pro hac vice*
        140 Broadway
        New York, NY 10005
        Telephone: (212) 907-0700
        Facsimile: (212) 818-0477

        *Co-Class Counsel for Class Representatives and the Class and Lead Counsel for Lead-Plaintiff State-Boston Retirement System*

        BARROWAY TOPAZ KESSLER
        MELTZER & CHECK, LLP
        Andrew L. Zivitz, admitted *pro hac vice*
        Matthew L. Mustokoff, admitted *pro hac vice*
        Mark S. Danek, admitted *pro hac vice*
        280 King of Prussia Road
        Radnor, Pennsylvania 19087
        Telephone: (610) 667-7706
        Facsimile: (610) 667-7056

        *Co-Class Counsel for Class Representatives and the Class*

        FOWLER WHITE BARNETT P.A.
        Ronald D. Shindler, Esq.
        Florida Bar No. 781703
        Espirito Santo Plaza, 14th Floor
        1395 Brickell Avenue
        Miami, FL 33131-3302
        Telephone: (305) 789-9222
        Facsimile: (305) 789-9201
        rshindler@fowler-white.com

        *Liaison Counsel for Class Representatives and the Class and for Lead Plaintiff State-Boston Retirement System*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via hand delivery for Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., and, electronically through CM/ECF for all others.

/s/ Mark S. Arisohn
Mark S. Arisohn

## SERVICE LIST

Adam M. Schachter
Eugene E. Stearns
Gordon M. Mead, Jr.
**STEARNS WEAVER MILLER**
**WEISSLER ALHADEFF & SITTERSON, P.A.**
150 W. Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)789-3400
Facsimile: (305) 789-3395
aschachter@stearnsweaver.com
estearns@stearnsweaver.com
gmead@sternsweaver.com

David Reich Chase
**DAVID R. CHASE, P.A.**
1700 E. Las Olas Boulevard, Penthouse 2
Fort Lauderdale, FL 33301
Telephone: (954) 920-7779
Facsimile: (954) 923-5622
david@davidchaselaw.com

Jules Brody
**STULL STULL & BRODY**
6 E. 45th Street, Suite 500
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022
ssbny@aol.com


Julie Prag Vianale
Kenneth J. Vianale
**VIANALE & VIANALE**
2499 Glades Road, Suite 112
Boca Raton, FL 33431
Telephone: (561) 392-4750
Facsimile: (561) 392-4775
jvianale@vianalelaw.com
kvianale@vianalelaw.com