# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 07-61542-CIV-UNGARO/SIMONTON

IN RE BANKATLANTIC BANCORP, INC.
SECURITIES LITIGATION

## PLAINTIFFS' NOTICE OF FILING DECLARATION OF MARK S. ARISOHN IN SUPPORT OF THE SUPPLEMENTAL MEMORANDUM OF LAW

Plaintiffs, by and through the undersigned attorneys, hereby file the Declaration of Mark S. Arisohn in Support of Plaintiffs' Opposition to Defendants' Motion for Reasonable Costs and Fees Incurred in Producing Documents.

Dated this 11th[th] day of June, 2010.

Respectfully submitted,

/s/ Ronald Shindler
Ronald Shindler, Esq.
Fla. Bar No. 781703
FOWLER WHITE BURNETT P.A.
*Liaison Counsel for Class Representatives and the Class*
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61542-CIV-UNGARO/SIMONTON

IN RE BANKATLANTIC BANCORP,
INC. SECURITIES LITIGATION

**DECLARATION OF MARK S. ARISOHN IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION FOR REASONABLE COSTS AND FEES
INCURRED IN PRODUCING DOCUMENTS**

I, Mark S. Arisohn, respectfully submit this Declaration In Support of Plaintiffs Opposition to Defendants' Motion for Reasonable Costs and Fees Incurred in Producing Documents, submitted herewith in the above-captioned action, and hereby declare as follows:

1. I am a partner of the law firm of Labaton Sucharow, LLP, Co-Class Counsel for Plaintiffs and the Class in this Action. If called upon, I could and would competently testify that the following facts are true and correct.

2. A true and correct copy of the August 13, 2009 correspondence from Serena Hallowell to Gordon Mead is attached hereto as Exhibit A.

3. A true and correct copy of the August 17, 2009 correspondence from Serena Hallowell to Gordon Mead is attached hereto as Exhibit B.

4. I understand that all documents produced in this action were also produced to the SEC and other related actions.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Executed this 11th day of June, 2010.

_____
Mark S. Arisohn

# Exhibit A

# Labaton
# Sucharow

212 907 0815 direct
212 883 7515 fax
shallowell@labaton.com

August 13, 2009

**VIA EMAIL AND FEDEX**

Gordon McRae Mead, Jr., Esq.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
150 West Flagler Street, Suite 2200
Miami, FL 33130

Re:   *Hubbard v. BankAtlantic Bancorp, Inc., et al.*
      *Case No. 07-CV-61542 UU*

Dear Grey:

I am writing to confirm the substance of our earlier phone call.

On August 12, 2009, I wrote to Adam Schachter confirming that defendants' response to our First Request for Production of Documents is due on Monday, August 17, 2009, and stating our intention to begin reviewing documents on that date. I asked that you advise me immediately if you did not intend to produce documents on that date since we need to start receiving documents from you to enable our timely compliance with the Court-Ordered discovery deadline.

You called me today in response, along with Adam Schachter, and informed me that you will not be producing documents on Monday August 17, 2009, and cited Fla.Stat. § 655.059, which addresses the advance payment of costs and fees to financial institutions for documents requested by subpoena, as the basis for not producing. Not only have you failed to raise this issue with us at any time prior to today so that we could have attempted to resolve this issue sooner and still have you produce documents – as you are required – by August 17, 2009, by our reading the Florida Statute you cite applies only to subpoenas issued pursuant to Fed. R. Civ. P. 45, not to discovery requests served on a party-defendant under Fed. R. Civ. P. Rules 26 and 34. Furthermore, it is plainly apparent that the statute was designed to protect a private individual's bank records when subpoenaed in litigation in which the bank is not a party. Thus, it is our position that the statute is not applicable to the Plaintiffs' Request for Production issued in this litigation. We also question why you would wait until the eleventh hour prior to your obligation to produce to raise this issue, especially in light of the timeframe within which the parties must meet their respective discovery obligations in this litigation. If you have authority to support your refusal to produce based on the statute you cite, we ask that you please send it to us immediately.

Additionally, you also mentioned during our call your sending us electronic search terms. We request clarification on what you meant. Are you referring to terms you used to search for relevant documents responsive to our document requests? If so, we object to both your unilateral attempt to

# Labaton
# Sucharow

narrow the search for relevant documents responsive to our requests without conferring with us first and to the timing and manner in which you now propose to introduce these search terms. Specifically, you introduced the concept of search terms a month after our Request for Production was served and did not mention it in any of the multiple conversations we have had regarding document production related issues.

I will stress again our need to keep this matter on schedule given the short time period we are working under to complete discovery. If you disagree with the above and still do not intend to forward any documents Monday, August 17, 2009, please confirm your position in writing and state the basis for your refusal to produce. We hope we can resolve these issues without delay and without needing the assistance of the Court.

Sincerely,

*[signature]*

Serena Hallowell

**Exhibit B**

# Labaton Sucharow

212 907 0815 direct
212 883 7515 fax
shallowell@labaton.com

August 17, 2009

**VIA EMAIL AND FEDEX**

Gordon McRae Mead, Jr., Esq.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
150 West Flagler Street, Suite 2200
Miami, FL 33130

Re:   *Hubbard v. BankAtlantic Bancorp, Inc., et al.*
      *Case No. 07-CV-61542 UU*

Dear Grey,

I am writing in follow up to our telephone conversation of Friday, August 14, 2009 and to respond to your letter dated today.

During our Friday call and in your letter today, you maintained your position that Fla. Stat. § 655.059 applies here, but, contrary to our prior call, stated you would not withhold documents based on this statute, and that you would produce documents responsive to our requests on a rolling basis, weekly. However, you stated that you reserved your right to seek a Court determination of the applicability of the Statute in the future. While we acknowledge your reservation of the right to raise the issue of the applicability of costs based on this statute at a later time, we must point out that your only cited case in support of your position – utterly fails to provide any support for the applicability of this statute to the instant situation. You also informed us that you would produce documents produced by your client in the related ERISA matter. We have not received such documents as of late this afternoon. However, from your letter, we are anticipating their arrival tomorrow. Furthermore, we see no reason for a delay in your production to us of documents your clients previously produced to the SEC pursuant to its October 2008 subpoena and notice of investigation, given that such documents have already been reviewed, assembled and produced. Accordingly, we expect production of those documents immediately.

Additionally, in our most recent call, we also discussed the search terms you brought up for the first time last week. You indicated that the electronic search terms will be used in connection with searching for emails relevant to our document requests. These search terms were then forwarded to us today. Once again, we take issue with this eleventh hour attempt to narrow the search for relevant emails responsive to our requests. This discussion regarding search terms should have been

# Labaton
# Sucharow

Gordon McRae Mead, Jr.
August 17, 2009
Page 2

introduced immediately following our initial document request, not the Thursday or Friday before your responses are due. In connection with this, we expect, at least, to receive full custodian files for the persons identified in your initial disclosures. With respect to files of persons beyond the initial disclosures, we do not object to your search terms as you are exclusively in the position to know whether the terms are sufficient and whether they satisfy your discovery obligations under the federal laws.

We have made it abundantly clear that our intention is to keep this matter on schedule given the extremely limited time provided for the completion of discovery in the Court's Scheduling Order. Accordingly, we expect to receive documents, including the ERISA documents, tomorrow. We also expect to receive the SEC documents immediately – to the extent that they are not among those forwarded tomorrow. Finally, we ask that you provide us with a schedule outlining what documents you will be producing and over what period of time. Since we anticipate commencing depositions by mid-September in order to comply with the Scheduling Order, your production of documents should be complete by September 11th at the latest. Please advise us promptly if your production plan does not contemplate completing document production by that date.

We will respond to your responses to our first request for the production of documents forwarded today separately.

Sincerely,

Serena Hallowell

Cc: Mark Danek, Esq.
    Michelle Newcomer, Esq.
    Andy Zivitz, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF, which will electronically transmit and notify all counsel of record on this the 11th day of June 2010. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, and via hand delivery for Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.

Dated: June 11th, 2010                     Respectfully submitted,

                                                  s/ Ronald D. Shindler
                                                RONALD D. SHINDLER # 781703
                                                FOWLER WHITE BURNETT P.A.
                                                Espirito Santo Plaza
                                                14th Floor
                                                1395 Brickell Avenue
                                                Miami, FL 33131-3302
                                                Telephone: (305) 789-9222
                                                Facsimile: (305) 789-9201
                                                rshindler@fowler-white.com

*Liaison Counsel for Class Representatives and the Class and for Lead Plaintiff State Boston Retirement System*

**LABATON SUCHAROW LLP**
Mark S. Arisohn, admitted *pro hac vice*
Serena Hallowell, admitted *pro hac vice*
140 Broadway
New York, New York 10005

1

Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Counsel for Class Representatives and the Class and Lead Counsel for Lead Plaintiff State-Boston Retirement System*

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
Andrew L. Zivitz, admitted *pro hac vice*
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
*Co-Counsel for Class Representatives and the Class*

## BANKATLANTIC BANCORP SERVICE LIST
## Case No. 07-61542-CIV-UNGARO/SIMONTON
## United States District Court, Southern District of Florida

**Adam Michael Schachter**
**Eugene E. Stearns**
**Gordon McRae Mead, Jr.**
Stearns Weaver Miller Weissler Alhadeff & Sitterson
150 W Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395
Email: aschachter@stearnsweaver.com
   estearns@stearnsweaver.com
   gmead@stearnsweaver.com

**David Reich Chase**
David R Chase PA
1700 E Las Olas Boulevard
Penthouse 2
Fort Lauderdale, FL 33301
954-920-7779
Fax: 923-5622
Email: david@davidchaselaw.com

**Jules Brody**
Stull Stull & Brody
6 E 45th Street
Suite 500
New York, NY 10017
212-687-7230
Fax: 490-2022

**Julie Prag Vianale**
**Kenneth J. Vianale**
Vianale & Vianale
2499 Glades Road
Suite 112
Boca Raton, FL 33431
561-392-4750
Fax: 392-4775
Email: jvianale@vianalelaw.com