UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61542-CIV-UNGARO/SIMONTON

IN RE BANKATLANTIC BANCORP, INC.
SECURITIES LITIGATION
_____/

**BANKATLANTIC BANCORP, INC.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS MOTION FOR REASONABLE COSTS AND FEES INCURRED IN
THE PRODUCTION OF DOCUMENTS**

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Eugene E. Stearns
Richard B. Jackson
Adam M. Schachter
Gordon M. Mead, Jr.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

Defendant BankAtlantic Bancorp, Inc. ("Bancorp") respectfully submits this Reply Memorandum in Further Support of Its Motion for Reasonable Costs and Fees.

## INTRODUCTION

Plaintiffs imposed massive burdens on a federally insured financial institution, BankAtlantic, for well over a year and compelled the production of almost two million pages of documents by issuing repeated, overbroad document requests without any regard to the costs of review or production.[1] Putting aside for a fact that Plaintiffs were not ever entitled to those documents in the first place under the Private Securities Litigation Reform Act, Florida Statute § 655.059 states that "the party seeking production must reimburse the financial institution for the reasonable costs and fees incurred in compliance with the production." A straightforward application of the statute to this case requires reimbursing BankAtlantic through its parent, Bancorp, for the reasonable costs and fees associated with the production. None of Plaintiffs' arguments to the contrary have merit.

## BANKATLANTIC IS ENTITLED TO RECOVER REASONABLE COSTS AND FEES

**1.    Florida Statute § 655.059 requires awarding reasonable costs and fees to BankAtlantic.**

As shown in the Opening Memorandum, p. 2, Florida Statute § 655.059 permitted the production of information responsive to Plaintiffs' six separate document requests and required Plaintiffs to reimburse BankAtlantic for the reasonable costs and fees associated with that production.

Plaintiffs first argue that the language of the statute limits the recovery of costs to instances where the production is "pursuant to a subpoena" and it is therefore inapplicable here, but this is a misreading of the statute. Florida Statute § 655.059 (1)(e) provides that a financial institution can make its books and records available:

> (e)  As compelled by a court of competent jurisdiction, pursuant to a subpoena issued pursuant to the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, or the Federal Rules of Civil Procedure, or pursuant to a subpoena issued in accordance with state or federal law. *Prior to the production of the books and records of a financial institution, the party seeking production must reimburse the financial institution for the reasonable costs and fees incurred in compliance with the production.* If the parties disagree regarding the amount of reimbursement, the

---

[1] Protecting a financial institution from the cost of litigation it did not initiate is the public purpose of the act. A financial institution is an entity separate and apart from its parent company.

-1-

> party seeking the records may request the court or agency having jurisdiction to set the amount of reimbursement (emphasis added). . . .

If Plaintiffs are correct that the text of Section 655.059(1)(e) read in isolation should be dispositive, then their reading has a clear textual flaw. Any limitation to productions pursuant to subpoenas is contained in the first sentence that permits production and does not appear in the second sentence that governs this dispute and requires the payment of cost for any "production." The second sentence, by its terms, requires the payment of reasonable costs and fees incurred in a production that a financial institution is compelled to make regardless of whether the production is made pursuant to a subpoena.

Bancorp, however, acting for its subsidiary BankAtlantic, believes that the better reading of the statute is a holistic reading that makes the most sense of it. The statute regulates the production of documents by a financial institution in litigation and carves out an exception to confidentiality requirements for production as compelled pursuant to the rules of courts of competent jurisdiction, including federal courts. Plaintiffs do not and cannot dispute that the Federal Rules of Civil Procedure compel a party to produce documents in response to a request to production with at least as much force as they compel a non-party to respond to a subpoena. Reading the statute to permit the disclosure of such information and the reimbursement of costs in cases where the financial institution is a non-party but forbidding such production and reimbursement in cases where the financial institution *is* a party would be an absurd result. Requests for production to parties and subpoenas do not differ in material ways: that was the point of citing federal court cases indicating their scope is generally the same. And, of course, even those who elevate the language of statutes above all else when interpreting them will interpret statutes to avoid unreasonable or absurd results.[2]

Plaintiffs argue that Florida Statute § 655.059 is analogous to the sanctions provisions of Federal Rule of Civil Procedure 45 rather than those of Federal Rule of Civil Procedure 26, but

---

[2]The Florida Supreme Court has "long held that the Court[s] should not interpret a statute in a manner resulting in unreasonable, harsh, or absurd consequences." *Florida Dep't of Environmental Potection v. Contractpoint Florida Parks, LLC*, 986 So.2d 1260, 1270 (Fla. 2008). Even Justice Scalia has admitted the importance of construing statutes to avoid an "absurd" result, even if it requires "a departure from the ordinary meaning of [a] word." *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 527 (1989) (Scalia, J., concurring).

Section 655.059 differs from both of those Federal Rules of Civil Procedure. Section 655.059 establishes a default rule for paying the reasonable costs and fees that a financial institution incurs in the course of a production. Federal Rules of Civil Procedure 26 and 45, on the other hand, provide for sanctions in the event of discovery abuses and generically apply to entities involved in litigation. Neither rule addresses financial institutions, and neither rule addresses who should pay for the fees and costs associated with production in the ordinary course absent discovery abuses.

Plaintiffs also argue that the legislative history of Section 655.059 supports their interpretation, but it is simply inapposite. The Senate Staff Analysis and Economic Impact Statement states as follows:

> Section 9 amends s. 655.059, F.S., relating to access to books and records of a financial institution and the confidentiality of such records. Currently the books and records of a financial institution are confidential, subject to certain exceptions. One exception is for the production of records "compelled by a court of competent jurisdiction." The bill specifies that any such required production must be pursuant to a subpoena issued pursuant to the Florida Rules of Civil or Criminal Procedure or the Federal Rule s of Civil Procedure, or pursuant to a subpoena issued in accordance with state or federal law. This recognizes that subpoenas may be issued pursuant to the rules of civil procedure other than by court order, such as by a state agency or by an attorney in a lawsuit against a bank customer.
>
> The bill also provides that the party seeking production of records pursuant to a subpoena must reimburse the financial institution for the reasonable costs and fees incurred in compliance with the production. If the parties disagree regarding the amount of reimbursement, the party seeking the records may request the court or agency having jurisdiction to set the amount of reimbursement. This effectively changes the burden that exists today, *since a financial institution is compelled to comply with the subpoena, regardless of the cost*. If the parties cannot agree on the cost of production, the financial institution must request the court or agency for a determination as to the reasonable reimbursement.

Senate Staff Analysis and Economic Impact Statement, Senate Bill 2960 (Apr. 2, 2004) (available at http://www.flsenate.gov/data/session/2004/Senate/bills/analysis/pdf/2004s2960.bi.pdf) (visited June 15, 2010) (emphasis added).

The legislative history confirms that financial institutions can recover costs and fees when they produce documents pursuant to a subpoena, but, for good reason, it does not say the opposite, namely that financial institutions are not permitted to recover costs and fees associated with producing documents in litigations to which they are a party. It also does not explain why the result

would be any different.  In any event, this inconclusive legislative history is entitled to even less weight given the Florida Supreme Court's recent statement that it "is not unified in its view of the use of legislative staff analyses to determine legislative intent" and that it has previously found that staff analyses are only "one touchstone of the collective legislative will." *Kasischke v. State*, 991 So.2d 803, 810 (Fla. 2008).  And if the text of a statute cannot be read to create an unreasonable or absurd result, then certainly the legislative history should not be read to mandate such an outcome.

**2.     Florida Statute § 655.059 is applicable to Bancorp's claim for costs and fees.**

Plaintiffs' third argument is that Florida Statute § 655.059 is preempted by federal law, but this argument lacks merit.

The general issue of which party pays attorneys' fees and costs is governed by the federal common law default rule known as the "'American Rule' that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *see also Stive v. United States*, 366 F.3d 520, 521 (7th Cir. 2004) (Posner, J.).  No court has considered whether the federal common law default rule includes an exception for documents produced by a Florida financial institution, so it is a question of interpreting the federal common law default rule in light of Florida Statute § 655.059.

"Under federal common law, an enforcing court should apply the law of the state courts in the state where the rendering federal court sits, unless the state's law conflicts with federal interests," especially where applying the state law would serve the twin purposes of "discouraging forum shopping and encouraging a uniform administration of the laws." *Manuel v. Convergys Corp.*, 430 F.2d 1132, 138 n.3 (11th Cir. 2005); *see also Blue Cross Blue Shield Health Care Plan of Georgia, Inc.*, 541 F.3d 1320, 1322 (11th Cir. 2008).  The Second Circuit, in a federal securities fraud case, has awarded fees and costs to one of the defendants based on a New York statute providing for indemnification. *Baker v. Health Management Systems, Inc.*, 298 F.3d 146, 149-50 (2d Cir. 2002).

This Court should rule that federal common law incorporates Florida Statute § 655.059 and permits Florida financial institutions to recover the reasonable fees and costs incurred in the process of producing documents.  Interpreting federal common law to be consistent with Section 655.059 does not conflict with federal interests and will discourage plaintiffs from suing Florida financial institutions in federal court simply to avoid fee-shifting for the costs of production and will also

-4-

ensure that Florida financial institutions have uniform protections against massively burdensome document requests in both federal and state court.

Plaintiffs cite to a single case to argue that a federal court should not apply Section 655.059. In *Jones v. United Space Alliance, LLC*, 2006 WL 2166709 (M.D. Fla. July 31, 2006), the district court refused to apply a Florida statute governing offers of judgment and attorneys' fees in an employment case that raised both state and federal law claims because of the potentially preemptive effect of Federal Rule of Civil Procedure 68 governing offers of judgment and the federal attorneys' fee statute for federal employment claims. In the Eleventh Circuit's subsequent opinion, however, that court made clear that it had repeatedly found state attorneys' fee statutes to be substantive and that therefore it would look first to Florida law to determine the entitlement to attorneys' fees. *Jones v. United Space Alliance, LLC*, 493 F.3d 1306, 1309-10 (11th Cir. 2007). The Eleventh Circuit then found that the Florida statute did not apply according to its terms and therefore did not reach the question of whether Federal Rule of Civil Procedure 68 and the federal attorneys' fee statute might have preempted the state law. *Id.* at 1309-11. In other words, the Eleventh Circuit expressly refused to address the legal conclusion relied upon by Plaintiffs. *Jones* certainly does not support Plaintiffs' position in this case.

**3.     The costs and fees are reasonable.**

Plaintiffs complain that Bancorp did not submit bills supporting its claims for attorneys' fees and costs. Copies of those supporting documents are submitted as exhibits to the accompanying Affidavit of Gordon M. Mead, Jr. Submitted in Further Support of BankAtlantic Bancorp's Motion for Reasonable Costs and Fees Incurred in Producing Documents and dated June 18, 2010. The total reasonable costs and fees have increased since June 3, 2010 to $2,343,797.72 because additional bills have been invoiced since that date.

Plaintiffs in a footnote remark that many of the documents produced to them were also produced to others, but the reasonable fees and costs sought do not include any of the review and production costs for producing documents in the SEC investigation, the ERISA action, or derivative actions even though the Plaintiffs in this case also demanded copies of those documents. Bancorp did not include those costs because in a world of electronic production the marginal costs of creating copies for Plaintiffs are de minimis and restricted to vendor costs, the costs of burning DVDs, and

the costs associated with copying information on hard drives. That the SEC, ERISA plaintiffs, and derivative plaintiffs also received copies of the documents that these Plaintiffs *compelled* Bancorp to produce certainly is not a reason to reduce any reasonable fees and costs awarded to Bancorp.

## CONCLUSION

For the foregoing reasons, this Court should grant BankAtlantic Bancorp, Inc.'s Motion for Reasonable Costs and Fees Incurred in Producing Documents.

Respectfully submitted,
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

s/ Gordon M. Mead, Jr.
EUGENE E. STEARNS
Florida Bar No. 149335
estearns@stearnsweaver.com
RICHARD B. JACKSON
Florida Bar No. 898910
rjackson@stearnsweaver.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@stearnsweaver.com
GORDON M. MEAD, JR.
Florida Bar No. 49896
gmead@stearnsweaver.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 18, 2010, I electronically filed the foregoing document with the Clerk of the Court using EM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by EM/ECF or through other approved means.


                                                   s/ Gordon M. Mead, Jr.
                                                   GORDON M. MEAD, JR.

**SERVICE LIST**

*In re BankAtlantic Bancorp, Inc. Securities Litigation*
Case No. 07-61542-CIV-Ungaro/Simonton
United States District Court, Southern District of Florida

Mark Arisohn
marisohn@labaton.com
Serena Hallowell
shallowell@labaton.com
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
Telephone: 212-907-0877
Facsimile:  212-818-0477
*Lead Counsel for Lead Plaintiff State Boston Retirement System*

Ronald D. Shindler
rshindler@fowler-white.com
Fowler White Burnett P.A.
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9222
Facsimile: 305-789-9201
*Liaison Counsel for Lead Plaintiff State Boston Retirement System*

Andrew Zivitz
azivitz@btkmc.com
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile:  610-667-7056
*Attorney for Plaintiff*