UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61542-CIV-UNGARO/SIMONTON

IN RE BANKATLANTIC CORP, INC.
SECURITIES LITIGATION

**PLAINTIFFS' REDACTED MOTION TO EXCLUDE**
**OPINION AND TESTIMONY OF** ▇▇▇▇▇▇▇

LABATON SUCHAROW, LLP
Mark S. Arisohn, admitted *pro hac vice*
Serena Hallowell, admitted *pro hac vice*
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Class Counsel for Class Representatives*
*and the Class and Lead Counsel for Lead-*
*Plaintiff State-Boston Retirement System*

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
Andrew L. Zivitz, admitted *pro hac vice*
Matthew L. Mustokoff, admitted *pro hac vice*
Mark S. Danek, admitted *pro hac vice*
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Class Counsel for Class Representatives*
*and the Class*

FOWLER WHITE BARNETT P.A.
Ronald D. Shindler, Esq.
Florida Bar No. 781703
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, FL 33131-3302
Telephone: (305) 789-9222
Facsimile: (305) 789-9201
rshindler@fowler-white.com

*Liaison Counsel for Class Representatives and*
*the Class and for Lead Plaintiff State-Boston*
*Retirement System*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................... 1

STANDARD FOR ADMISSIBILITY OF EXPERT TESTIMONY ................................ 2

ARGUMENT ................................................................................................................... 3

    A.   Mr. ████████ Opinions About ████████████████ and ████████ as Reflected in His Report ................................. 3

    B.   Mr. ██████ Opinion Regarding ████████████ Is Based On ██████ and Is Not Based On An Independent Analysis or Any Methodology That Can Be Tested ......................................................................................... 6

    C.   As Part of His Opinion that ████████████████ ......................... 11

    D.   Mr. ██████ Opinion that ████████████ Is Impermissibly Based on the ████████ ......................... 12

    E.   Mr. ██████ Opinion that ████████████████ and Speculation about ████████████ ......................... 13

    F.   Mr. ██████ Opinion that ██████████ Should Not Be Allowed ................................. 14

    G.   Mr. ██████ Opinion that ████████████ Should Be Excluded ................................. 16

    H.   Mr. ██████ Opinion that ████████████ Should Be Excluded as Not Relevant ................................. 17

CONCLUSION ............................................................................................................... 18

## **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Alphamed Pharms. Corp. v. Arriva Pharms., Inc.,*
   432 F. Supp. 2d 1319 (S.D. Fla. 2006) .................................................................. 8

*American Key Corp. v. Cole Nat'l Corp.,*
   762 F.2d 1569 (11th Cir. 1985) ................................................................... 8, 12

*Daubert v. Merrell Dow Pharms., Inc.,*
   509 U.S. 579 (1993) ................................................................................. 2, 3

*Eberli v. Cirrus Design Corp.,*
   615 F. Supp. 2d 1357 (S.D. Fla. 2009) .................................................................. 8

*Estate of Groff v. Aquila, Inc.,*
   No. 05-cv-0250, 2007 WL 4644707 (S.D. Iowa Sept. 28, 2007) ................................ 13

*Hibiscus Assocs. Ltd. v. Bd. of Tr. of Policemen & Firemen Ret. Sys.,*
   50 F.3d 908 (11th Cir. 1995) ........................................................................ 12

*Highland Capital Mgmt., L.P. v. Schneider,*
   379 F. Supp. 2d 461 (S.D.N.Y. 2005)
   *aff'd* 551 F. Supp. 2d 173 (S.D.N.Y. 2008) ........................................................ 16

*Kumho Tire Co., Ltd. v. Carmichael,*
   526 U.S. 137 (1999) .................................................................................... 3

*McDowell v. Brown,*
   392 F.3d 1283 (11th Cir. 2004) ..................................................................... 17

*Mukhtar v. California State Univ.,*
   299 F.3d 1053 (9th Cir. 2002) .................................................................. 17, 18

*Rink v. Cheminova, Inc.,*
   400 F.3d 1286 (11th Cir. 2005) ............................................................. 3, 11, 14

*Trigon Ins. Co. v. United States,*
   204 F.R.D. 277 (E.D. Va. 2001) ...................................................................... 6

*United States v. Batchelor-Robjohns,*
   No. 03-20164-CIV, 2005 WL 1761429 (S.D. Fla. June 3, 2005) .................................. 8

*United States v. Frazier,*
   387 F.3d 1244 (11th Cir. 2004) ......................................................... 10, 11, 12, 15

*United States v. Rouco,*
   765 F.2d 983 (11th Cir. 1985) .............................................................................. 12, 15

*Warren v. Williams,*
   No. Civ.A. 304 CV 537, 2006 WL 860998 (D. Conn. Mar. 31, 2006) ...................... 11

## FEDERAL STATUTES

Fed. R. Evid. 702 ............................................................................................................. 1, 2

## MOTION TO EXCLUDE OPINION AND TESTIMONY
### OF ██████████

Plaintiffs respectfully move pursuant to Rule 702 of the Federal Rules of Evidence to exclude the opinion and testimony of ████████, who purports to offer expert testimony at trial based upon ██████████████████████████████████████ attached as Exhibit A to the Declaration of Mark S. Arisohn, dated June 18, 2010 ("Arisohn Decl."). The grounds supporting this motion are set forth below.

## MEMORANDUM OF LAW

Lead Plaintiffs respectfully submit this memorandum of law in support of their motion, pursuant to Rule 702 of the Federal Rules of Evidence, to exclude the opinion and testimony of ████████ who purports to testify based upon the expert report (the ████████ Report") that he submitted in this matter on April 28, 2010.

## PRELIMINARY STATEMENT

████████ report presents six "expert" opinions (Arisohn Decl. Ex. A, at 2):





6)

As detailed below ███████ "opinions" are nothing more than ███████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████ His proffered testimony epitomizes the exact type

of unreliable and speculative opinions that the trial court's gatekeeping function under the

Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), is

intended to bar. Accordingly, ███████ testimony must be excluded from this action.

### STANDARD FOR ADMISSIBILITY OF EXPERT TESTIMONY

Rule 702 of the Federal Rules of Evidence provides for the admissibility of expert

testimony when scientific, technical or other specialized knowledge will assist the jury in

understanding the evidence or determining a factual issue. *See* Fed. R. Evid. 702. Under Rule

702, the Court must make several determinations before allowing expert testimony: (1) whether

the witness is qualified to be an expert; (2) whether the opinion is based upon reliable data and

methodology; and (3) whether the expert's testimony on a particular issue will assist the trier of

fact. The Supreme Court set forth the criteria for the admissibility of scientific expert testimony

under Rule 702 in *Daubert* by instructing trial judges to "determine … whether the expert is

proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand

or determine a fact in issue," which includes "a preliminary assessment of whether the reasoning

or methodology underlying the testimony is scientifically valid and or whether that reasoning or

methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. In

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court held this

gatekeeping standard applied to all expert testimony, "not only to testimony based on 'scientific'

knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge."

*Kumho Tire*, 526 U.S. at 141.

In the Eleventh Circuit, a three-part test is used to determine whether expert testimony

should be admitted under *Daubert*: (1) the expert must be qualified to testify competently

regarding the matters he intends to address; (2) the methodology by which the expert reaches

conclusions must be sufficiently reliable as determined by the sort of inquiry mandated in

*Daubert*; and (3) the testimony must assist the trier of fact through the application of scientific,

technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005).

## ARGUMENT

A. 

Although he did not perform his assignment in this case as if he were conducting an examination

of BankAtlantic's land loan portfolio in order to arrive at opinions that might assist the jury in

understanding or determining a fact in issue.

deposition transcript attached as Exhibit B to Arisohn Decl.),

3







(Arisohn Decl., Ex. B, at 52:9 – 53:15)

Although the 1993 Advisory Committee Notes to Rule 26(a)(2)(B) confirms that the rule

does not "preclude counsel from providing assistance to experts in preparing the reports," the

language of the rule itself plainly provides that the expert report must be "prepared and signed by

the witness." The purpose of the rule is not satisfied if the expert merely expresses the opinions

of the lawyer who hires him. Here it is conceded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ *Trigon Ins. Co. v. United States,* 204 F.R.D. 277, 295 (E.D. Va. 2001).

In these circumstances, ▮▮▮▮▮▮▮ fails the *Daubert* test: he is not utilizing any of his own

special expertise to assist the trier of fact by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮

**B.**   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ will be offered by Defendants to testify that, in his opinion, ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Arisohn Decl., Ex. A at

2 – 14). In formulating this opinion, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

For his opinion about ███████████████████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████ (Arisohn Decl., Ex. A at 5 – 6).
███████ also acknowledged at his deposition that ████████████████████
███████████████████████████████████████████████████████
████████████████████
████████████████████████████████████████████
███████████████████████████████████████████████ does not
pass muster under *Daubert* because █████████████████████████
████████████████████████████████████████

———————————————
█████████ opinion challenging ████████████████████████████
███████ (Arisohn Decl., Ex. B, at 190:7-13).



(Arisohn Decl., Ex. B, at 178:15 – 25)



As this Court held in *Eberli v. Cirrus Design Corp.*, 615 F. Supp. 2d 1357, 1365 (S.D. Fla. 2009), "such a methodology surely does not satisfy the *Daubert* standards."  *See also American Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569 (11th Cir.1985) (expert opinions cannot ordinarily be based on the opinions of others); *Alphamed Pharms. Corp. v. Arriva Pharms., Inc.* 432 F. Supp. 2d 1319, 1357 (S.D. Fla. 2006)(experts may not base opinions on the opinions of others); and *United States v. Batchelor-Robjohns*, No. 03-20164-CIV, 2005 WL 1761429 (S.D. Fla. June 3, 2005) ("An expert may not blindly rely on the conclusions of another and still meet the reliability requirements of Rule 702 and Daubert.").

Arisohn Decl. as Ex. C)

(Arisohn Decl. Ex. B, at 165:19 -166:3).[2]

---



also violates the fundamental principles of *Daubert* because

(Arisohn Decl., Ex. B,  at 109:14 – 110:11)



9



The idea that an expert can provide opinion testimony that something is the case simply based on the expert's experience ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬ violates the fundamentals of *Daubert*.   The Eleventh Circuit in *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004), quoted the advisory committee's note to the 2000 amendments of Rule 702, which explains that "[i]f the witness is relying solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably

applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.' " *Frazier*, 387 F.3d at 1261.

Where the expert's methodology is incapable of being tested █████████ the opinion by definition is not reliable and must be excluded under *Daubert*. ███████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████ Exclusion under these circumstances is required. *See, e.g., Warren v. Williams*, No. Civ.A. 304 CV 537, 2006 WL 860998, at *29 (D. Conn. Mar. 31, 2006) (excluding defendant's expert report in part because the proffered expert did not "explicate any principles or methodology [utilized], besides alluding to his training and experience…").

**C.**  ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████ This opinion must be excluded because ██████████
████████████████████████████████████████████████████████

The first prong in any *Daubert* analysis is whether the expert is qualified to offer the particular opinion at issue. *See Rink*, 400 F.3d at 1291-92. ███████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████
████████████████████████████████████████████

█████████████████████████

(Arisohn Decl., Ex. B, at 214:6 – 214:13)

███████████████████████████████████████

████████████████████████████████████           A crucial

requirement for the admissibility of expert testimony is that it "assist the trier of fact." *Frazier*,

387 F.3d at 1259. "[E]xpert testimony is admissible if it concerns matters that are beyond the

understanding of the average lay person." *Id.* at 1262.  On the other hand, expert testimony "is

properly excluded when it is not needed to clarify facts and issues of common understanding

which jurors are able to comprehend for themselves." *Hibiscus Assocs. Ltd. v. Bd. of Tr. of*

*Policemen & Firemen Ret. Sys.*, 50 F.3d 908, 917 (11th Cir. 1995) (citations omitted).  *See also*

*United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985).  Whether or not BankAtlantic's

████████████████████████████████is for the jury to

decide.  No special expertise is required to assist the fact finder in making that assessment.

**D.**   ██████████████████████████████
   ████████████████████████████████████

   ███████████████████████████████████████

██████████████████████(Arisohn Decl., Ex. A, at 16 – 23)  is impermissibly based

███████████████████████████████████████████

██████████████████████████████████████████████

███████████████████

█████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████(Arisohn Decl., Ex. A, at 22). ████



(Arisohn Decl., Ex. B, at 241:6 -12).  *"Daubert's* admissibility standard requires

… more than support … with an educated guess …." *Estate of Groff v. Aquila, Inc.,* No. 05-cv-

0250, 2007 WL 4644707, at *10 (S.D. Iowa Sept. 28, 2007).

(Arisohn Decl. Ex. A., at 23 – 33)

(Arisohn Decl., Ex. B, at 245:19 – 246:14)

██████████████████████████████████████ (Arisohn Decl.,

Ex. B, at 248:5 -15, 249:2 – 5).██████████████████████████████

████████████████████████████████████████████████,

████████████████████████████████████████████████████

█████████████ Ex. B, at 250:19 – 251:17).

█████████████████████████████████████████████████s

█████████████████ basis for admissibility under *Daubert*. ████████████

████████████████████████████████████████████████

███████████████████ The jury is free to draw its own conclusions from █████████

███████████████████████████ any of that evidence is admissible.

*Rink,* 400 F.3d at 1291-92.

**F.** ███████████████████████████████

██████████████████████████████████████

Plaintiffs intend to prove that any loan at BankAtlantic that was a potential problem loan

was added to ███████████████████████ Plaintiffs further intend to prove that in its

SEC filings, BankAtlantic dramatically understated the total amount of its still accruing potential

problem loans. For example, in its Form 10-Q for the quarter ending June 30, 2007,

BankAtlantic reported that its "Total Potential Problem Loans" in addition to non-accruals

amounted to only $8,348,000 █████████████████████████████

██████████████████████████████████████████████

██████████

████████████████████████████████████████████████

████████████████████████████████████████████████



(Arisohn Decl., Ex. A, at 27).  Aside from the fact that

(Arisohn Decl., Ex. B, at 257:23 –

258:3):

(Arisohn Decl., Ex. B, at 260:22 –

23).  The jury will not be assisted by

Expert testimony may be admissible if it concerns matters that are beyond the

understanding of the average lay person. *Frazier, supra,* 387 F.3d at 1262; *Rouco, supra,* 765

F.2d at 995 (expert testimony admissible if it offers something "beyond the understanding and

experience of the average citizen").  Here, since the jury will be quite capable of understanding

the meaning of "Total Potential Problem Loans," ██████████████████████████
████████

G.  █████████████████████████████████████
█████████████████████████

██████████████████████████████████████████████████
████████████████████████████████████████████████

████████(Arisohn Decl., Ex. A, at 33 – 36). ████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████

████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

(Arisohn Decl. Ex. A, at 35). ██████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████

    In this way, Defendants are simply using ████████ to articulate the same arguments their counsel can make based on the same evidence, a technique of using an expert that is not permitted under Rule 702. Courts routinely exclude expert testimony as not assisting the trier of fact when it is presented for the sole purpose of telling a party's story to the jury. *See Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468-69 (S.D.N.Y. 2005) *aff'd* 551 F. Supp. 2d 173 (S.D.N.Y. 2008) ("To the extent that [the expert] is simply rehashing otherwise

admissible evidence about which he has no personal knowledge, such evidence-taken on its own-
is inadmissible. While an expert must of course rely on facts or data in formulating an expert
opinion, an expert cannot be presented to the jury solely for the purpose of constructing a factual
narrative based upon record evidence.") (internal citations omitted). ██████████████

██████████████████████████████████████████████████████████████

**H.** ████████████████████████████████████
████████████████████████████████

The disclosures that BankAtlantic made about its entire land loan portfolio on October
25, 2007 shocked the market and drove the price of BankAtlantic's stock down by over 38%.

████████████████████████████████████████████████████

██████████████████ (Arisohn Decl., Ex. A, at 40). ████████████████

████████████████████████████████████████████████████

████████████████████

"The second prong of the *Daubert* analysis requires that the proposed testimony be
relevant. To meet this requirement, the expert testimony must be 'relevant to the task at hand,'…
*i.e.*, that it logically advances a material aspect of the case. *Daubert* at 591…." *McDowell v.
Brown*, 392 F.3d 1283, 1298 – 99 (11th Cir. 2004). ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████ Whether that risk ultimately materialized in the third quarter or a quarter later is of
no relevance.  "Considering the aura of authority experts often exude, which can lead juries to
give more weight to their testimony" (*Mukhtar v. California State Univ.*, 299 F.3d 1053, 1063 -

64 (9th Cir. 2002)), it is particularly important to exclude testimony from an expert that has no

relevance.

## CONCLUSION

For the foregoing reasons the opinions and testimony of ███████ should be excluded.

Dated: June 18, 2010

LABATON SUCHAROW, LLP

_/s/ Mark S. Arisohn_
Mark S. Arisohn, admitted *pro hac vice*
Serena Hallowell, admitted *pro hac vice*
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Class Counsel for Class Representatives*
*and the Class and Lead Counsel for Lead-*
*Plaintiff State-Boston Retirement System*

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
Andrew L. Zivitz, admitted *pro hac vice*
Matthew L. Mustokoff, admitted *pro hac vice*
Mark S. Danek, admitted *pro hac vice*
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Class Counsel for Class Representatives*
*and the Class*

FOWLER WHITE BARNETT P.A.
Ronald D. Shindler, Esq.
Florida Bar No. 781703
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, FL 33131-3302
Telephone: (305) 789-9222
Facsimile: (305) 789-9201
rshindler@fowler-white.com

*Liaison Counsel for Class Representatives and
the Class and for Lead Plaintiff State-Boston
Retirement System*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via CM/ECF.

/s/ Ronald D. Shindler
Ronald D. Shindler

## SERVICE LIST

Adam M. Schachter
Eugene E. Stearns
Gordon M. Mead, Jr.
**STEARNS WEAVER MILLER**
**WEISSLER ALHADEFF & SITTERSON, P.A.**
150 W. Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)789-3400
Facsimile: (305) 789-3395
aschachter@stearnsweaver.com
estearns@stearnsweaver.com
gmead@sternsweaver.com