UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61542-CIV-UNGARO/SIMONTON

IN RE BANKATLANTIC BANCORP,
INC. SECURITIES LITIGATION,
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR REASONABLE COSTS AND FEES INCURRED IN PRODUCING DOCUMENTS

Presently pending before the Court is Defendant Bankatlantic Bancorp Inc.'s (hereafter Bankatlantic), Motion For Reasonable Costs and Fees Incurred in Producing Documents (DE # 227).  This motion is referred to the undersigned Magistrate Judge (DE # 233). The motion is fully briefed (DE ## 266, 278).  For the reasons stated below, the motion is denied without prejudice to Bankatlantic to seek costs at the conclusion of this case.

I. Background

Plaintiffs filed their three-count First Amended Consolidated Complaint, alleging a class action securities fraud, under the Securities Exchange Act of 1934 (hereafter Exchange Act).  In the First Amended Complaint, Plaintiffs alleged violations of: Section 10(b) of the Exchange Act and Rule 10b-5 (against all Defendants) (Count I); Section 20(a) of the Exchange Act (against all individual Defendants) (Count II); and, Section 20A of the Exchange Act (against Defendants Abdo and A. Levan) (Count III).[1]

On June 10, 2009, following the denial of their motion to dismiss, Defendants filed their Answer to the First Amended Consolidated Complaint (DE # 100).

On June 24, 2009, the District Court entered a scheduling order for this case, setting the discovery deadline for December 4, 2009 (DE # 102).  On October 9, 2009, the

---

[1] Plaintiffs are now proceeding under a Second Amended Consolidated Complaint, which has been filed under seal.

District Court entered an amended scheduling order for this case, setting the discovery deadline for May 21, 2010, and the trial for August 16, 2010 (DE # 148). On June 22, 2010, the District Court entered a further amended scheduling order for this case, which continued the trial to October 11, 2010, but left other deadlines intact (DE # 324).

## II. The Parties' Positions

### A. Bankatlantic's Position

Bankatlantic contends that pursuant to Fla. Stat. § 655.059, it is entitled to immediate reimbursement for the reasonable costs and fees relating to the production of approximately 1.6 million documents to Plaintiffs, which it claims amount to $2,161,077.41 (DE # 227). In its reply, Bankatlantic contends that Fla. Stat. § 655.059(1)(e) should be read to regulate the production of documents by a financial institution in all litigation, including litigation in which the financial institution is a party (DE # 278 at 2-4). Bankatlantic also rejects Plaintiffs' interpretation of the legislative history of the statute (DE # 278 at 4-5). Bankatlantic also argues that federal law does not preempt the statute (DE # 278 at 5-6). Finally, Bankatlantic states that the costs and fees requested are reasonable (DE # 278 at 6-7).

### B. Plaintiffs' Position

Plaintiffs respond that Fla. Stat. § 655.059(1)(e) only applies to a financial institution when, as a non-party, it produces documents pursuant to a subpoena. Plaintiffs note that in this case, Bankatlantic is a defendant, and the documents were obtained pursuant to discovery and not pursuant to a subpoena (DE # 266 at 3-4). Plaintiffs also contend that the legislative history of the statute supports their position (DE # 266 at 4-5). Plaintiffs further argue that even if Fla. Stat. § 655.059(1)(e) were applicable here, it would be preempted by Federal Rules of Civil Procedure 26(g) and 34,

2

which require a showing of either abuse or that electronically store information is not reasonably accessible because of undue burden or cost (DE # 266 at 5-6).  Finally, Plaintiffs submit that the amount requested by Bankatlantic is unreasonable and unsupported (DE # 266 at 6).

   III.  Analysis

   Florida Statute Section 655.059(1)(e) states, in pertinent part,

   **(1) The books and records of a financial institution are confidential and shall be made available for inspection and examination only:**
   . . . .
   **(e) As compelled by a court of competent jurisdiction, pursuant to a subpoena issued pursuant to the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, or the Federal Rules of Civil Procedure, or pursuant to a subpoena issued in accordance with state or federal law.  Prior to the production of the books and records of a financial institution, the party seeking production must reimburse the financial institution for the reasonable costs and fees in compliance with the production.  If the parties disagree regarding the amount of reimbursement, the party seeking the records may request the court or agency having jurisdiction to set the amount of reimbursement;**

   Plaintiffs obtained the documents in question from Defendant Bankatlantic through discovery.  Thus, the plain language of Fla. Stat. § 655.059 states that it only applies when a financial institution provides documents pursuant to a subpoena.  Therefore, it appears that § 655.059(1)(e) does not apply here, where Bankatlantic is a party to this litigation, and provided the documents at issue pursuant to discovery requests, and did not provide Plaintiffs with the documents as a non-party, pursuant to subpoena.  Bankatlantic has not provided any caselaw which supports its argument that § 655.059(1)(e) applies when the financial institution is a party providing discovery.  To the extent that the statute requires payment "prior to the production", Bankatlantic has waived this right by not seeking these costs prior to its document production.

   At the conclusion of the litigation, the prevailing party will be able to move to tax

costs, including photocopying, pursuant to Fed.R.Civ.P. 54 and 18 U.S.C. § 1920. Thus, it appears that if Defendant Bankatlantic prevails in this case, it will be able, at that time, to recoup some or all of the costs which it incurred in producing documents; and if Bankatlantic does not prevail, then it will not be entitled to recover such costs, and if Plaintiffs had paid those costs to Bankatlantic, Plaintiffs would then be entitled to reimbursement. Thus, the costs determination will be made at the conclusion of the litigation.[2]

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant Bankatlantic Bancorp Inc.'s Motion For Reasonable Costs and Fees Incurred in Producing Documents (DE # 227), is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, on June 23, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record

---

[2] In light of this finding, the undersigned will not reach the issues of whether 1) federal law preempts Fla. Stat. § 655.509 and 2) the requested amounts of costs and fees are reasonable.