UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61542-CIV-UNGARO/SIMONTON

IN RE BANKATLANTIC BANCORP,
INC. SECURITIES LITIGATION
_____/

ORDER ON PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTATION
OF DISCOVERY RESPONSES AND FOR SANCTIONS

Presently pending before the Court is Plaintiffs' Motion to Compel

Supplementation of Discovery Responses and For Sanctions (DE # 393).  This motion is

referred to the undersigned Magistrate Judge (DE # 395).  Defendants have filed a

response in opposition (DE # 405).  Plaintiffs have not replied, but their reply is not due

to be filed until August 26, 2010.  For the reasons stated below, Plaintiffs' motion to

compel is granted and Plaintiffs' motion for sanctions and Defendants' request for

sanctions are denied.

I. Background

On October 27, 2007, Plaintiffs filed their initial Complaint (DE # 1).  On April 22,

2008, Plaintiffs filed an Amended Complaint (DE # 51).

During the discovery period, Defendants provided Plaintiffs with documents

which Defendants had not originally turned over to Plaintiffs due to the requirements of

the Office of Thrift Supervision (OTS), but which OTS had allowed Defendants to release

to Plaintiffs.  Also during the discovery period, Defendants provided Plaintiffs with

transcripts of testimony before the Security and Exchange Commission (SEC), which

was given both by individual Defendants and by present and former employees of

BankAtlantic.

The discovery deadline in this case was May 21, 2010 (DE # 148).

### A.  Defendants' Production of the SEC Transcripts

On Friday, April 30, 2010, Plaintiffs' counsel, Mark S. Danek, emailed Defendants' counsel Grey Mead, stating that Plaintiffs had only received SEC transcripts for Jeffery Mindling, Henry Barnes and Marcia Snyder, as well as a redacted SEC transcript for Jay McClung.  Danek asked when Plaintiffs could expect Amy Engelberg's SEC transcript, as well as the transcripts of any additional or former BankAtlantic employees who Defendants' firm had represented before the SEC.  On Tuesday, May 4, 2010, Mead responded that since the last communication on this subject, his firm had represented Jim White, Valerie Toalson and Amy Engelberg in testimony before the SEC, had requested copies of all the transcripts and were still waiting to receive the transcripts. Further, the redactions in McClung's transcript were made to withhold information provided to or received from OTS which OTS had not yet given Defendants permission to convey to Plaintiffs (DE # 406-14).

On July 21, 2010, Plaintiffs' counsel emailed Defendants' counsel and asked when Plaintiffs could expect the production of any SEC transcripts in Defendants' possession. Defendants' counsel responded that discovery was over, Plaintiffs were not entitled to the SEC transcripts in the first place, and Defendants would not be producing any additional SEC transcripts (Ex. F to DE # 394, at 25).[1]

### B.  Defendants' Production of Documents Released by OTS

On May 5, 2010, Plaintiffs sent OTS their third request for unpublished information.  Plaintiffs requested expedited review of their request, insofar as the

---

[1] It appears that the remaining transcripts are transcripts of the SEC interviews of Alan Levan, Valerie Toalson and David Friedman (DE # 405 at 7-8).

discovery cutoff in the case was May 21, 2010 (Ex. H to DE # 394, at 33; DE # 406-6).[2]

On June 7, 2010, Plaintiffs' counsel emailed counsel for OTS and requested an update on the status of the May 5, 2010 request (Ex. H to DE # 394, at 33).  Counsel for OTS responded that OTS had reviewed the several hundred documents requested, but needed to talk to BankAtlantic's counsel before releasing the documents.  OTS counsel stated he believed he would have a decision for Plaintiffs shortly (Ex. H to DE # 394, at 32).  On July 12, 2010, Plaintiffs' counsel again emailed counsel for OTS, requesting an update on the status of the May 5, 2010 request.  Plaintiffs' counsel noted that it had been several weeks since OTS have notified her that the review was complete and OTS would have a final decision shortly.  Approximately one hour later, counsel for OTS responded, copied to Defendants' counsel, that Defendants were authorized to provide Plaintiffs with the requested documents with some specified deletions, and with the proviso that Defendants did not need to provide any documents generated or produced after the institution of this lawsuit (Ex. H to DE # 394, at 32).

C.  <u>Defendants' Refusal to Provide Supplemental Production</u>

Later on July 12, 2010, Plaintiffs' counsel emailed Defendants' counsel and asked when Plaintiffs could expect to receive the documents included in their third request to OTS.  Defendants' counsel responded that the discovery cut-off had long passed, Plaintiffs were not entitled to any documents in the first place, and Defendants would not be producing any more documents (Ex. I to DE # 394, at 35).

On July 24, 2010, Plaintiffs' counsel again emailed Defendants' counsel requesting the released OTS documents and the unproduced SEC transcripts,

---

[2] Plaintiffs had also requested expedited review of their first (November 6, 2009) and second (January 11, 2010) requests for unpublished information from OTS (DE ## 406-4; 406-5).

3

contending that Defendants had agreed to produce these materials, and that Defendants had a duty to supplement. Plaintiffs further stated that they would file a motion to compel production if Defendants did not agree by July 26, 2010 to produce the materials (Ex. G to DE # 394 at 29).  On July 26, 2010, Defendants' counsel emailed Plaintiffs' counsel reiterating and expanding on Defendants' refusal to produce the materials (Ex. G to DE # 394 at 28).

On July 28, 2010, Plaintiffs filed the instant motion.

II.  <u>The Parties' Positions</u>

Plaintiffs ask the Court to compel Defendants to produce the documents released by OTS on July 12, 2010 and also any transcripts of SEC interviews in Defendants' possession that Defendants have not provided.  In support thereof, Plaintiffs assert that they could not have filed the motion any sooner or during the discovery period, and that failure to compel this discovery would prejudice Plaintiffs and compelling the discovery would not prejudice Defendants, and would make the trial more fair.  Plaintiffs note that the SEC has interviewed the individual Defendants and other present and/or former BankAtlantic employees concerning the same matters that are at issue here.  Plaintiffs contend that Defendants agreed to produce these materials, and should be held to that agreement, and that, pursuant to Fed.R.Civ.P. 26(e), Defendants have a duty to supplement their discovery responses, which duty is enhanced as trial grows near (DE # 393 at 8-13).  Plaintiffs also request monetary sanctions against Defendants, pursuant to Rule 37(a)(5) (DE # 393 at 14-15).

In response, Defendants oppose Plaintiffs' motion, and also request monetary sanctions.  Defendants initially state that Plaintiffs have not shown either good cause or any extraordinary circumstances for filing the instant motion more than two months

after the close of discovery.  Defendants contend that Plaintiffs should have raised these issues in a motion to compel filed either before or at the discovery deadline.  Defendants note that in their requests to OTS, Plaintiffs clearly recognized the need to complete the OTS discovery before the discovery deadline (DE # 405 at 8-9, 16-17).  Defendants also mention that by the discovery deadline Plaintiffs had received eight SEC transcripts were aware of the transcripts they had not received, and that Defendants had notified Plaintiffs that they would make their last production on May 21, 2010 (DE # 405 at 12-13).  Defendants state that they never agreed to provide discovery after the discovery deadline (DE # 405 at 11, 19).

Defendants also contend that Rule 26(e) did not obligate them to supplement production after the end of discovery with materials that came into Defendants' possession after the discovery deadline, and that Plaintiffs are not contending that Defendants' prior productions were materially incomplete (DE # 405 at 19-22).[3]

Moreover, Defendants contend that with trial rapidly approaching, they would be prejudiced by having to produce the requested discovery and that it is now time to prepare for trial.  Defendants also argue that Plaintiffs have deposed all of the witnesses who were interviewed by the SEC, and so the lack of three of eleven transcripts will not prejudice Plaintiffs.  Defendants also state that to alleviate any possible prejudice to Plaintiffs, they will not seek to use at trial any of the materials at issue here (DE # 405 at 17-18).

Finally, Defendants request monetary sanctions pursuant to Rule 37(a)(5) (DE # 405 at 23-24).

---

[3] Defendants also contend that pursuant to their motion for sanctions, Plaintiffs were not entitled to any discovery (DE # 405 at 14-15, 19).

### III. Analysis

### A. Plaintiffs' Motion To Compel Is Granted

At the outset, the undersigned notes that the documents requested are relevant to the issues presented in this case.  Thus, for the reasons stated below, Plaintiffs' motion to compel is granted. On or before August 25, 2010, at 5:00 p.m., Defendants shall provide Plaintiffs with the OTS documents at issue and the SEC transcripts of witness interviews at issue, including, but not limited to, the SEC transcripts of Alan Levan, Valerie Toalson, and David Friedman, and the unredacted SEC transcript of Jay McClung.

### 1. Plaintiffs' Motion Was Not Untimely

The parties agree that Plaintiffs must show good cause and excusable neglect for filing this motion after the close of discovery, and that Plaintiffs must show that they acted with due diligence.  *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (affirming denial of an untimely motion to amend complaint because the movant had not shown good cause for the delay); *Tarmas v. Winter*, 2008 WL 5110757 at *2 (M.D. Fla. Nov. 26, 2008) (applying *Brunswick* excusable neglect standard to the filing of an untimely discovery motion).  Moreover, some of the issues to be analyzed when considering whether an untimely motion should be heard are:  the danger of prejudice to respondent; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of movant; and whether movant acted in good faith, with primary importance accorded to absence of prejudice to respondent and the interests of judicial administration.  *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (factors to apply in considering whether to accept a late notice of appeal).  The

undersigned finds that Plaintiffs have acted with due diligence and have shown good cause and extraordinary circumstances for filing this motion two months after the end of discovery, as explained in more detail below.

    a. <u>The OTS Documents</u>

The undersigned finds that Plaintiffs acted with due diligence to preserve the issue of whether Defendants are required to make supplementary production of the OTS documents at issue.

Plaintiffs requested the documents from OTS on May 5, 2010, before the discovery deadline.  Plaintiffs also requested expedited review of their request, because the discovery deadline in the case was May 21, 2010.

Plaintiffs did not make the request to OTS and then not follow up on it.  On June 7, 2010, Plaintiffs' counsel emailed counsel for OTS and requested an update on the status of the May 5, 2010 request.  Counsel for OTS responded that OTS had reviewed the several hundred documents requested, needed to talk to BankAtlantic's counsel before releasing the documents, and stated he believed he would have a decision for Plaintiffs shortly.  On July 12, 2010, Plaintiffs' counsel again emailed counsel for OTS, requesting an update on the status of the May 5, 2010 request.  Plaintiffs' counsel noted that it had been several weeks since OTS had notified her that the review was complete and OTS would have a final decision shortly.  Approximately one hour later, counsel for OTS responded, with a copy to Defendants' counsel, that Defendants were authorized to provide Plaintiffs with the requested documents with some specified deletions, and with the proviso that Defendants did not need to provide Plaintiffs with any documents generated or produced after the institution of this lawsuit.

Plaintiffs filed the instant motion within 16 days of receiving the release from

OTS, and after conferring twice with Defendants about the release of the documents. *See* Local Rule 26.1(h)(1) (all discovery motions must be filed within 30 days of the occurrence of grounds for the motion); Local Rule 7.1(a)(3) (requiring a movant to confer with a respondent before filing a motion, in an attempt resolve the matter without court intervention).

Defendants have not provided any authority to support their contention that Plaintiffs had to raise this issue before the close of discovery.  Indeed, Plaintiffs could not have raised this issue as to the OTC documents because at the close of discovery Plaintiffs did not know if, or when, or how many documents OTC would release. Therefore, the undersigned finds that Plaintiffs provided good cause, and acted with due diligence in moving to compel the OTS documents on July 28, 2010, more than two months after the close of discovery.

### b.  The SEC transcripts

It is not as clear whether Plaintiffs provided good cause and acted with due diligence in moving to compel the remaining SEC documents on July 28, 2010, more than two months after the close of discovery.

On Friday, April 30, 2010, Plaintiffs emailed Defendants, stating that Plaintiffs had only received SEC transcripts for Jeffery Mindling, Henry Barnes and Marcia Snyder, as well as a redacted SEC transcript for Jay McClung.  Plaintiffs asked when they could expect Amy Engelberg's SEC transcript, as well as the transcripts of any additional or former BankAtlantic employees who Defendants' counsel had represented before the SEC.  On Tuesday, May 4, 2010, Defendants responded that since the last communication on this subject, Defendants' counsel firm had represented Jim White, Valerie Toalson and Amy Engelberg in testimony before the SEC, had requested copies

aof all the transcripts and were still waiting to receive the transcripts.  Further, the redactions in McClung's transcript were made to withhold information provided to or received from OTS which OTS had not yet given Defendants permission to convey to Plaintiffs.

Afterward, it was not until July 21, 2010, that Plaintiffs emailed Defendants and asked when Plaintiffs could expect the production of any SEC transcripts in Defendants' possession.  Defendants' counsel responded that discovery was over, Plaintiffs were not entitled to the SEC transcripts in the first place, and Defendants would not be producing any additional SEC transcripts.

Whether Plaintiffs' actions concerning the SEC transcripts provided good cause and acted with due diligence is a much closer question that the same issue with regard to the OTS documents.  Plaintiffs have not stated why they waited two and one-half months, and two months after the end of discovery to again request the SEC transcripts from Defendants.

However, in determining whether Plaintiffs have shown good cause for waiting so long to again request the SEC transcripts from Defendants, the undersigned will accord primary importance to whether Defendants have been prejudiced by the delay and to the interests of judicial administration.  *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d at 1325.  Defendants have not shown how they have been prejudiced by the delay.  There seem to be three SEC transcripts outstanding.  Defendants surely have them at hand, and they can easily be copied.  Moreover, Defendants have had these transcripts in their possession, and providing them also to Plaintiffs is in the interests of judicial administration by providing a more level playing field.  Therefore, the undersigned finds that Plaintiffs have shown good cause for their delay in moving to compel the remaining

SEC transcripts from Defendants.

### 2.  Defendants Had a Duty to Supplement Even After Discovery Closed

The undersigned also finds that Defendants had a duty to supplement their

discovery responses regarding the OTS documents and SEC transcripts even after the

close of discovery.  Thus, Defendants must provide Plaintiffs with the OTS documents

and SEC transcripts.

Rule 26(e)(1), Supplementing Disclosures and Responses, states:

(1)  *In General.*  A party who has made a disclosure under Rule 26(a)–or who
has responded to an interrogatory, request for production, or request for
admission–must supplement or correct its disclosure or response:

(A)  in a timely manner if the party learns that in some material respect the
disclosure or response is incomplete or incorrect, and if the additional or
corrective information has not been made known to the other parties
during the discovery process or in writing; or

(B) as ordered by the court.

Courts have held that the duty to supplement continues after the close of

discovery.  *See Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (the duty to

supplement extended beyond the close of discovery, until the filing of a notice of

appeal); *Klonski v. Mahlab*, 156 F.3d 255, 267-68 (1st Cir. 1998) (no longer good law on

another point) (the duty to supplement extended beyond the close of discovery and into

trial); *Hunyh v. J.P. Morgan Chase & Co.*, 2008 WL 2789532 at *24-25 (D. Ariz. Jul. 17,

2008) (Rule 26 requires supplementation after discovery closes under certain

circumstances to narrow the issues for trial and to prevent unfair surprise), *quoting*

*Episcopo v. General Motors Corp.*, 2004 WL 628243 at *6 (N.D. Ill. 2004); *Locascio v.*

*Jacobs*, 2006 WL 1540290 at *1 (M.D. Fla. May 30, 2006) (the duty to supplement under

Rule 26(e) supersedes the parties' agreement to stop supplementing 30 days prior to

trial and the duty to supplement discovery responses continues, at least, until trial).

It is unquestioned that Plaintiffs requested the OTC documents and the SEC transcripts well before the close of discovery.  It is also unquestioned that Defendants provided to Plaintiffs all of these documents and transcripts which were in Defendants' possession at the close of discovery.  At the end of discovery, Defendants' production of the OTC documents and SEC transcripts was incomplete.  Thus, as the remaining OTC documents and SEC transcripts became available for production, Defendants had a duty to produce them.

      B.  **The Cross-Motions For Sanctions Are Denied**

Both parties have requested monetary sanctions against the other party, pursuant to Rule 37(a)(5).  The requests for sanctions are denied as unjustified under the circumstances of this case.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Answers Supplementation of Discovery Responses (DE # 393), is **GRANTED**.  On or before August 25, 2010, at 5:00 p.m., Defendants shall provide Plaintiffs with the OTS documents and SEC transcripts of witness interviews at issue, including, but not limited to, the SEC transcripts of Alan Levan, Valerie Toalson, and David Friedman, and the unredacted SEC transcript of Jay McClung.  Nothing in this Order affects any of the deadlines in the District Court's scheduling order.  It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion For Sanctions (DE # 393), as

well as Defendants' request for sanctions (DE # 405 at 23-24), are **DENIED**.

**DONE AND ORDERED** in Miami, Florida, on August 20, 2010.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record

12