```
                 UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA
                 Case No. 07-61542-Civ-UNGARO

IN RE:  BANKATLANTIC BANCORP, ) Miami, Florida
INC. SECURITIES LITIGATION    ) November 18, 2010
                              ) 9:30 a.m.


                      VOLUME 26 of 26

              TRANSCRIPT OF TRIAL PROCEEDINGS

            BEFORE THE HONORABLE URSULA UNGARO

              U.S. DISTRICT JUDGE, and a jury



APPEARANCES:

For the Plaintiffs        LABATON SUCHAROW LLP
                          BY:  MARK S. ARISOHN, ESQ.,
                          SERENA W. HALLOWELL, ESQ., and
                          MINDY DOLGOFF, ESQ.
                          140 Broadway - 3rd Floor
                          New York, New York  10005

                          BARROWAY TOPAZ KESSLER MELTZER &
                          CHECK LLP
                          BY:  ANDREW L. ZIVITZ, ESQ.,
                          MARK S. DANEK, ESQ., and
                          MATTHEW MUSTOKOFF, ESQ.
                          280 King of Prussia Road
                          Radnor, Pennsylvania  19087

                          FOWLER WHITE BURNETT
                          BY:  RONALD D. SHINDLER, ESQ.
                          1395  Brickell Avenue - 14th Floor
                          Miami, Florida  33131-3302

(continued)

Reported by:              WILLIAM G. ROMANISHIN, RMR, CRR
(305) 523-5558            Official Court Reporter
                          400 North Miami Avenue
                          Miami, Florida  33128
```

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

```
 1   APPEARANCES (continued):

 2   For the Defendants        STEARNS WEAVER MILLER WEISSLER
                               ALHADEFF & SITTERSON
 3                             BY:  EUGENE E. STEARNS, ESQ.,
                               ADAM M. SCHACHTER, ESQ.,
 4                             GORDON M. MEAD, JR., ESQ.,
                               CECILIA D. SIMMONS, ESQ.,
 5                             RICHARD B. JACKSON, ESQ., and
                               ANDREA N. NATHAN, ESQ.
 6                             150 West Flagler Street - Suite 2200
                               Miami, Florida  33130
 7

 8              (Jury in deliberations)

 9              (Resumed in open court at 10:28 a.m.)

10              THE COURT:  Good morning.

11              So, in In Re:  BankAtlantic Securities Litigation,

12   let the record reflect the presence of counsel.  You can have

13   a seat.

14              The jury sent out a note saying they've reached a

15   verdict.  I wanted to make a suggestion, which is, in light of

16   the complexity of the verdict form, if it is not a defense

17   verdict, what I would like to do is, before having it

18   published, send them back into the jury room so that I can

19   look at it completely.  Otherwise, there's going to be all

20   this sort of false suspense in here while I'm reviewing the

21   verdict form.  There may be issues that I'll want to address

22   with you all if there are inconsistencies, for example.

23              How do you all feel about that?

24              MR. ARISOHN:  I agree, Your Honor.

25              MR. STEARNS:  We agree.
```

```
 1              May we have a copy of it also while the Court's
 2    reviewing it?
 3              THE COURT:  Yeah.  Not a problem.
 4              Do you have an objection to that?
 5              MR. ARISOHN:  No.
 6              THE COURT:  Okay.  I mean, obviously, there's press
 7    in here, right, and, so I don't know that it would be a good
 8    idea to publish it without publishing it formally.  But we'll
 9    take it one step at a time.  How's that?
10              MR. ARISOHN:  That's fine.
11              THE COURT:  So could we have the jury, please.
12              (Jury returns at 10:30 a.m.)
13              THE COURT:  Okay.  Good morning, everyone.  You can
14    have a seat.
15              Can I ask the foreperson, though, to stand, please,
16    and state his name loudly for the court reporter.
17              THE FOREPERSON:  Alex Bramwell.
18              THE COURT:  And Mr. Bramwell, has the jury reached a
19    complete verdict in accordance with the instructions?
20              THE FOREPERSON:  Yes, we have.
21              THE COURT:  Would you hand the verdict form to the
22    courtroom deputy, please.  And you can have a seat.
23              Okay.  Because of the complexity of the verdict form,
24    I'm going to ask you to step into the jury room.  Please do
25    not deliberate any further.  Don't make any contact with
```

1   anyone.  If you'll just wait in the jury room for a few

2   minutes, I just want to take my time going through this

3   because, as you know, there are a lot of questions.  Okay?

4            All right.  Thank you.

5            (Jury retires at 10:32 a.m.)

6            THE COURT:  Just to preview this, I will tell you

7   right now that they answered "yes" to some of the questions in

8   part 1 but found the damages to be zero.

9            And with respect to the second period, they obviously

10  answered at least some of the statements "yes" -- not all of

11  them though, I think -- and they found the damages to be $2.41

12  per share.

13           So, let's make copies of this.  I have no idea if

14  they answered everything, didn't answer everything like they

15  were supposed to.  So we'll make copies and show it to you.

16           (Recessed at 10:33 a.m.)

17           (Resumed at 10:45 a.m.)

18           THE COURT:  Okay.  You can have a seat.

19           The only thing -- I'm sure, you know, the defense

20  perceives that there are many issues associated with the

21  verdict form.  But from a technical standpoint, and in terms

22  of taking the verdict, there's only one place where I see that

23  it's a little confusing.  But I don't really think it

24  matters.  So that's on statement 7.  So statement 7 is the

25  April 26, '07, conference call.  The next statement that they

1  find to be associated with a 10(b) violation is from the same

2  conference call.

3        So the way the case was conceptualized was if they

4  found a 10(b) violation, it would be the first 10(b) violation

5  in the period that the damages would relate to, or relate back

6  to.  So, both those statements, statement 7 and statement 10,

7  are both from the April 26th conference call.

8        The responses to the questions, the series of

9  questions that relate to 7, I think are difficult to

10 reconcile, but, again, I don't think it matters in light of

11 the fact that the jury found that the fraud entered the market

12 on April 26th.

13       But the reason I say that is because, while the jury

14 appears to have found that Mr. Levan acted knowingly with

15 respect to statement 7, the jury also found that he acted in

16 good faith as a controlling person.

17       So, I don't know how you do that.  I don't know how

18 you make a statement with the intent to deceive but at the

19 same time be a controlling person who acted in good faith.

20       But again, I don't know that it matters, because the

21 responses to question 10 or statement 10 are that he acted

22 knowingly with respect to statement 10; that he's a

23 controlling person; that he did not act in good faith, and

24 that he's a hundred percent responsible.

25       Mr. Abdo has been exonerated, I believe, right?

1          MR. STEARNS:  It would appear that way, Your Honor.

2   But respectfully, obviously --

3          THE COURT:  And Mr. White and Jarett Levan.

4          MR. STEARNS:  And Jarett Levan.

5          THE COURT:  Right.

6          Okay.  So, let's just bring the jury in.  Unless

7   there's something somebody wants me to do about this problem

8   associated with the questions related to statement 7, my

9   suggestion would be let's bring the jury in.  I'm going to

10  help the courtroom deputy out by reading the verdict into the

11  record myself and then we'll proceed from here with all the

12  rest of the work that remains to be done in the case.

13         MR. STEARNS:  Of which there will be --

14         THE COURT:  Lots.

15         MR. STEARNS:  -- a great deal.

16         THE COURT:  Yes.

17         Is that acceptable to everybody?

18         MR. ARISOHN:  Yes, Your Honor.

19         THE COURT:  Okay.  Jury, please.

20         (Jury returns at 10:50 a.m.)

21         THE COURT:  Okay.  You can have a seat.

22         Okay.  Well, normally we have the courtroom deputy

23  publish the verdict, which is to say, read it into the

24  record.  But because it's so complex, I'm just going to do it

25  myself.  Okay?

```
 1            Okay.  Actually, we didn't put this on the verdict
 2   form, but the intent is that, We, the jury, find, as to
 3   question Roman numeral I(A) way with respect to statements
 4   numbers 1 through 6, which allegedly were made between October
 5   9, 2006, and April 25, 2007.  Do you find that any of the
 6   defendants violated Section 10(b)?
 7            Yes.
 8            Question 1(a):  With respect to statement 1, do you
 9   find that James White, and therefore Bancorp, violated Section
10   10(b)?
11            No.
12            With respect to statement 2, do you find that James
13   White, and therefore Bancorp, violated Section 10(b)?
14            Yes.
15            Do you find that James White acted knowingly with
16   respect to that statement?
17            Yes.
18            Do you find that any of the following defendants were
19   controlling persons of Bancorp under Section 20(a) with
20   respect to that statement?
21            Alan Levan:  No.
22            John Abdo:  No.
23            Jarett Levan:  No.
24            James White:  Yes.
25            For each defendant for whom you answered "yes" in
```

1 question 2(c), do you find that such defendant acted in good

2 faith and did not directly or indirectly induce the Section

3 10(b) violation?

4          As to James White:  Yes.

5          Question 3(a):  With respect to statement 3, do you

6 find that either of the following defendants, and therefore

7 Bancorp, violated Section 10(b)?

8          Alan Levan:  No.

9          James White:  No.

10         Question 4(a):  With respect to statement 4, do you

11 find that Jarett Levan, and therefore Bancorp, knowingly

12 violated Section 10(b)?

13         Yes.

14         Do you find that any of the following defendants were

15 controlling persons of Bancorp under Section 20(a) with

16 respect to that statement?

17         Alan Levan:  No.

18         John Abdo:  No.

19         Jarett Levan:  Yes.

20         James White:  No.

21         For each defendant for whom you answered "yes" in

22 question 4(b), do you find that such defendant acted in good

23 faith and did not directly or indirectly induce the Section

24 10(b) violation?

25         Jarett Levan:  Yes.

1            And then there's an answer of "no" to Alan Levan,

2    John Abdo, and James White.

3            This is question 5(a):  With respect to statement 5,

4    do you find that Alan Levan, and therefore Bancorp, violated

5    Section 10(b)?

6            No.

7            Question 6(a):  With respect to statement 6, do you

8    find that any of the following defendants, and therefore

9    Bancorp, violated Section 10(b)?

10           John Abdo:  Yes.

11           James White:  Yes.

12           Jarett Levan:  Yes.

13           Alan Levan:  Yes.

14           For each defendant for whom you answered "yes" to

15   question 6(a), do you find that such defendant acted knowingly

16   with respect to that statement?

17           John Abdo:  Yes.

18           James White:  Yes.

19           Jarett Levan:  Yes.

20           Alan Levan:  Yes.

21           For each defendant for whom you answered "yes" to

22   question 6(a), please list below the percentage of

23   responsibility that defendant bears for the Section 10(b)

24   violation.

25           John Abdo:  5 percent.

1           James White:  45 percent.

2           Jarett Levan:  5 percent.

3           Alan Levan:  45 percent.

4           Do you find that any of the following defendants were

5    controlling persons of Bancorp under Section 20(a) with

6    respect to that statement?

7           Alan Levan:  Yes.

8           John Abdo:  Yes.

9           Jarett Levan:  Yes.

10          James White:  Yes.

11          For each defendant for whom you answered "yes" in

12   question 6(d), do you find that such defendant acted in good

13   faith and did not directly or indirectly induce the Section

14   10(b) violation?

15          Alan Levan:  Yes.

16          John Abdo:  Yes.

17          Jarett Levan:  Yes.

18          James White:  Yes.

19          Question Roman numeral I(B):  What is the amount of

20   damages per share proximately caused by the first Section

21   10(b) violation you found during the period from October 19,

22   2006, through April 25, 2007:

23          Zero dollars per share.

24          Question Roman numeral II(A):  With respect to

25   statements 7 through 19, which allegedly were made between

1   April 26, 2007, and October 26, 2007, do you find that any of

2   the defendants violated Section 10(b)?

3           Yes.

4           With respect to statement 7, do you find that Alan

5   Levan, and therefore Bancorp, violated Section 10(b)?

6           Yes.

7           Do you find that Alan Levan acted knowingly with

8   respect to that statement?

9           Yes.

10          Do you find that any of the following defendants were

11  controlling persons of Bancorp under Section 20(a) with

12  respect to that statement?

13          Alan Levan:  Yes.

14          John Abdo:  No.

15          Jarett Levan:  No.

16          James White:  No.

17          For each defendant for whom you answered "yes" in

18  question 7(c), do you find that such defendant acted in good

19  faith and did not directly or indirectly induce the Section

20  10(b) violation?

21          Alan Levan:  Yes.

22          Question 8(a):  With respect to statement 8, do you

23  find that Alan Levan, and therefore Bancorp, violated Section

24  10(b)?

25          No.

```
 1              With respect to statement 9, do you find that Alan
 2    Levan, and therefore Bancorp, violated Section 10(b)?
 3              No.
 4              Question 10(a):  With respect to statement 10, do you
 5    find that Alan Levan, and therefore Bancorp, violated Section
 6    10(b)?
 7              Yes.
 8              Do you find that Alan Levan acted knowingly with
 9    respect to that statement?
10              Yes.
11              Do you have find that any of the following defendants
12    were controlling persons of Bancorp under Section 20(a) with
13    respect to that statement?
14              Alan Levan:  Yes.
15              John Abdo:  No.
16              Jarett Levan:  No.
17              James White:  No.
18              For each defendant for whom you answered "yes" in
19    question 10(c), do you find that such defendant acted in good
20    faith and did not directly or indirectly induce the Section
21    10(b) violation?
22              Alan Levan:  No.
23              For each defendant for whom you answered "no" in
24    question 10(d), do you find that such defendant acted
25    knowingly in his capacity as a controlling person with respect
```

1   to the Section 10(b) violation?

2           Alan Levan:  Yes.

3           For each defendant for whom you answered "no" to

4   question 10(d), please list below the percentage of

5   responsibility that defendant bears as a controlling person

6   for the Section 10(b) violation.

7           So, actually, I just want to mark this, and the

8   lawyers and I will have to discuss this.  But in any event,

9   what the jury has indicated is:  100 percent as to Alan

10  Levan.

11          With respect to statement 11, do you find that either

12  of the following defendants, and therefore Bancorp, violated

13  Section 10(b)?

14          Alan Levan:  No.

15          James White:  No.

16          Question 12(a):  With respect to statement 12, do you

17  find that either of the following defendants, and therefore

18  Bancorp, violated Section 10(b)?

19          Alan Levan:  No.

20          James White:  No.

21          Question 13(a):  With respect to statement 13, do you

22  find that Alan Levan, and therefore Bancorp, violated Section

23  10(b)?

24          Yes.

25          Question 13(b):  Do you find that Alan Levan acted

 1    knowingly with respect to that statement?

 2           Yes.

 3           Question 13(c):  Do you find that any of the

 4    following defendants were controlling persons of Bancorp under

 5    Section 20(a) with respect to that statement?

 6           Alan Levan:  Yes.

 7           John Abdo:  No.

 8           Jarett Levan:  No.

 9           Valerie Toalson:  No.

10           Question 13(d):  For each defendant for whom you

11    answered "yes" in question 13(c), do you find that such

12    defendant acted in good faith and did not directly or

13    indirectly induce the Section 10(b) violation?

14           Alan Levan:  No.

15           Question 13(e):  For each defendant for whom you

16    answered "no" in question 13(d), do you find that such

17    defendant acted knowingly in his or her capacity as a

18    controlling person with respect to the Section 10(b)

19    violation?

20           Alan Levan:  Yes.

21           Then question 13(f) is:  For each defendant for whom

22    you answered "no" to question 13(d), please list below the

23    percentage of responsibility that defendant bears as a

24    controlling person for the Section 10(b) violation.

25           And the jury has indicated:  100 percent Alan Levan.

1          Question 14(a):  With respect to statement 14, do you

2    find that Alan Levan, and therefore Bancorp, violated Section

3    10(b)?

4          Yes.

5          Question 14(b):  Do you find that Alan Levan acted

6    knowingly with respect to that statement?

7          Yes.

8          14(c):  Do you find that any of the following

9    defendants were controlling persons of Bancorp under Section

10   20(a) with respect to that statement?

11         Alan Levan:  Yes.

12         John Abdo:  No.

13         Jarett Levan:  No.

14         Valerie Toalson:  No.

15         Question 14(d):  For each defendant for whom you

16   answered "yes" in question 14(c), do you find that such

17   defendant acted in good faith and did not directly or

18   indirectly induce the Section 10(b) violation?

19         Alan Levan:  No.

20         14(e):  For each defendant for whom you answered "no"

21   in 14(d), do you find that such defendant acted knowingly in

22   his or her capacity as a controlling person with respect to

23   the Section 10(b) violation?

24         Alan Levan:  Yes.

25         Then in question 14(f):  For each defendant for whom

1  you answered "no" to question 14(d), please list below the

2  percentage of responsibility that defendant bears as a

3  controlling person for the Section 10(b) violation.

4          And the jury has indicated:  100 percent for Alan

5  Levan.

6          Question 15(a):  With respect to statement 15, do you

7  find that Alan Levan, and therefore Bancorp, violated Section

8  10(b)?

9          Yes.

10         15(b):  Do you find that Alan Levan acted knowingly

11 with respect to that statement?

12         Yes.

13         Do you find that any of the following defendants were

14 controlling persons of Bancorp under Section 20(a) with

15 respect to that statement?

16         The jury has indicated:  "Yes" as to Alan Levan, but

17 has not answered as to Mr. Abdo, Jarett Levan or Valerie

18 Toalson.

19         Question 15(d):  For each defendant for whom you

20 answered "yes" in question 15(c), do you find that such

21 defendant acted in good faith and did not directly or

22 indirectly induce the Section 10(b) violation?

23         Alan Levan:  Yes.

24         Question 16(a):  With respect to statement 16, do you

25 find that Alan Levan, and therefore Bancorp, violated Section

1    10(b)?

2            Yes.

3            16(b):  Do you find that Alan Levan acted knowingly

4    with respect to that statement?

5            Yes.

6            16(c):  Do you find that any of the following

7    defendants were controlling persons of Bancorp under Section

8    20(a) with respect to that statement?

9            Alan Levan:  Yes.

10           And the jury has not indicated an answer to that

11   question for Mr. Abdo, Jarett Levan or Valerie Toalson.

12           16(d):  For each defendant for whom you answered

13   "yes" in question 16(c), do you find that such defendant

14   acted in good faith and did not directly or indirectly induce

15   the Section 10(b) violation?

16           Alan Levan:  No.

17           16(e):  For each defendant for whom you answered "no"

18   in question 16(d), do you find that such defendant acted

19   knowingly in his or her capacity as a controlling person with

20   respect to the Section 10(b) violation?

21           Alan Levan:  Yes.

22           Question 16(f):  For each defendant for whom you

23   answered "no" to question 16(d), please list below the

24   percentage of responsibility that defendant bears as a

25   controlling person for the Section 10(b) violation.

 1          And the jury has indicated:  100 percent for Alan

 2   Levan.

 3          Question 17(a):  With respect to statement 17, do you

 4   find that Alan Levan, and therefore Bancorp, violated Section

 5   10(b)?

 6          Yes.

 7          17(b):  Do you find that Alan Levan acted knowingly

 8   with respect to that statement?

 9          Yes.

10          Do you find that any of the following defendants were

11   controlling persons of Bancorp under Section 20(a) with

12   respect to that statement?

13          Alan Levan:  Yes.

14          And the jury has not indicated its position as to

15   Mr. Abdo, Jarett Levan or Valerie Toalson.

16          Question 17(d):  For each defendant for whom you

17   answered "yes" in question 17(c), do you find that such

18   defendant acted in good faith and did not directly or

19   indirectly induce the Section 10(b) violation?

20          Alan Levan:  No.

21          17(e):  For each defendant for whom you answered "no"

22   in question 17(d), do you find that such defendant acted

23   knowingly in his or her capacity as a controlling person with

24   respect to the Section 10(b) violation?

25          Alan Levan:  Yes.

 1          Question 17(f):  For each defendant for whom you

 2   answered "no" to question 17(d), please list below the

 3   percentage of responsibility that defendant bears as a

 4   controlling person for the Section 10(b) violation.

 5          And the jury has indicated:  100 percent for Alan

 6   Levan.

 7          Question 18(a):  With respect to statement 18, do you

 8   find that either of the following defendants, and therefore

 9   Bancorp, violated Section 10(b)?

10          Alan Levan:  No.

11          Valerie Toalson:  No.

12          Question 19(a):  With respect to statement 19, do you

13   find that either of the following defendants, and therefore

14   Bancorp, violated Section 10(b)?

15          Alan Levan:  Yes.

16          Valerie Toalson:  Yes.

17          19(b):  For each defendant for whom you answered

18   "yes" to question 19(a), do you find that such defendant

19   acted knowingly with respect to that statement?

20          Alan Levan:  Yes.

21          Valerie Toalson:  Yes.

22          19(c):  For each defendant for whom you answered

23   "yes" to question 19(a), please list below the percentage of

24   responsibility that defendant bears for the Section 10(b)

25   violation.

```
 1              Alan Levan:  50 percent.

 2              Valerie Toalson:  50 percent.

 3              Do you find that any of the following defendants were

 4    controlling persons of Bancorp under Section 20(a) with

 5    respect to that statement?

 6              Alan Levan:  Yes.

 7              John Abdo:  No.

 8              Jarett Levan:  No.

 9              Valerie Toalson:  Yes.

10              19(e):  For each defendant for whom you answered

11    "yes" in question 19(d), do you find that such defendant

12    acted in good faith and did not directly or indirectly induce

13    the Section 10(b) violation?

14              Alan Levan:  No.

15              Valerie Toalson:  No.

16              For each defendant for whom you answered "no" in

17    question 19(e), do you find that such defendant acted

18    knowingly in his or her capacity as a controlling person with

19    respect to the Section 10(b) violation?

20              Alan Levan:  Yes.

21              Valerie Toalson:  Yes.

22              For each defendant for whom you answered "no" to

23    question 19(e), please list below the percentage of

24    responsibility that defendant bears as a controlling person

25    for the Section 10(b) violation.  The total percentage for all
```

```
 1   defendants must add up to 100 percent.
 2            Alan Levan:  50 percent.
 3            Valerie Toalson:  50 percent.
 4            Question Roman numeral II(B):  What is the amount of
 5   damages per share proximately caused by the first Section
 6   10(b) violation you found during the period from April 26,
 7   2007, through October 26, 2007?
 8            $2.41 per share.
 9            So say we all, Alex Bramwell, dated November 18,
10   2010.
11            Can I ask you to step again into the jury room,
12   please.
13            (Jury retires at 11:07 a.m.)
14            THE COURT:  Okay.  You can have a seat.
15            There are, you know, a couple of different kinds of
16   problems kicking around in this second period.  I think that
17   we can by agreement resolve this problem with their not having
18   responded to the list on controlling person liability on
19   statement 15 and 16, I think it was.  Maybe there's another
20   one.  17.  I think it's clear that the intent here was that
21   only Mr. Alan Levan was a controlling person.
22            Can we all agree on that, that that's what the jury's
23   intent is with respect to those particular --
24            MR. ARISOHN:  We agree, Your Honor.
25            MR. STEARNS:  That appears to be the intent, Your
```

1    Honor.

2         THE COURT:  -- statements.

3         Okay.  So, that takes care of that problem.

4         Now, we discussed the problem already with 7.

5         You know, of course, they answered the (f) question

6    on many of these where they were not asked to do so.  But what

7    they did was they indicated 100 percent responsibility for

8    Mr. Levan.  So I think it's immaterial.  It doesn't matter.

9         MR. ARISOHN:  We agree.

10        THE COURT:  Agreed, Mr. Stearns?

11        MR. STEARNS:  Which question are you looking at, Your

12   Honor?

13        THE COURT:  Well, for instance -- this is an example,

14   but this happened several times -- take a look at 14(f) on

15   page 36, where they hold Mr. Levan responsible for the

16   statement, for making it knowingly as a controlling person who

17   didn't act in good faith.

18        They weren't asked to respond to 14(f) unless they

19   answered "no" to question 14(d) --

20        MR. STEARNS:  They did it correctly.

21        THE COURT:  -- but they did it and they did it

22   correctly.

23        MR. STEARNS:  Right.

24        THE COURT:  So we would agree that's not a problem,

25   right?

1          MR. STEARNS:  There's problems, but that isn't it.

2          THE COURT:  Right.  I understand.  So that's one

3   species of problem that we don't need to deal with.

4          So the only significant issue that I see here, just,

5   you know, on the face of the verdict form -- that's all I'm

6   talking about -- is in 19, because there is an inconsistency

7   between 19(f) and 19(g).

8          MR. STEARNS:  19(f) and --

9          THE COURT:  19(g).

10          MR. ARISOHN:  The inconsistency is they didn't need

11   to answer 19(g) under the directions, Your Honor.

12          THE COURT:  Okay.  But the defense might look at it

13   in the opposite direction, which is that they made a mistake

14   which they filled out 19(f).

15          So, do we want them to clarify this?  What do we want

16   to do?

17          MR. STEARNS:  Let me see if I understand the issue.

18          THE COURT:  Okay.  What happened was in 19(f) they

19   found that Mr. Levan and Ms. Toalson acted knowingly.  So, in

20   that event, then they're jointly and severally liable.  But

21   they apportioned liability in 19(g).  And 19(g) specifically

22   told them not to assign a percentage of responsibility unless

23   they had answered "no" in 19(f).  But they didn't answer "no"

24   in 19(f).  They answered "yes."

25          So, there are two ways of looking at this, which is,

1   well, they made a mistake when they answered"yes" in 19(f) or

2   they made a mistake when they filled out 19(g).

3        MR. STEARNS:  Well, when I look at the seven specific

4   statements of alleged falsehoods, this is one of the seven.

5   This is identical to section 12 or question 12 where they flip

6   their answer.  12 they found the identical total potential

7   problem loan argument.

8        So, I don't know that it matters.  It suffers from

9   major defects, other defects.  I don't know that it matters.

10  There are other defects that I think overwhelm the one that

11  the Court is identifying.

12       THE COURT:  Well, I'm just telling you to me this is

13  the only troubling inconsistency in this very lengthy, very

14  complicated verdict form.

15       MR. ARISOHN:  I think our position is that if the

16  defense is willing to waive whatever inconsistency there is

17  with respect to 19(f) and 19(g), we certainly are willing to

18  do that.  So we see no --

19       THE COURT:  Well, what am I supposed to do with

20  that?

21       MR. ARISOHN:  Well, if you get a waiver -- if the

22  defense thinks there's an inconsistency, then we have to have

23  the jury decide it and explain or try to do away with the

24  inconsistency.

25       MR. STEARNS:  So it's clear, Your Honor, this is the

```
 1   total potential problem loan argument.
 2          THE COURT:  Yeah.  But Mr. Stearns, can I just point
 3   something out?
 4          MR. STEARNS:  Yes.
 5          THE COURT:  You know, just because they found that
 6   the earlier total potential problem loan representation was
 7   not false, maybe they decided the earlier one wasn't false but
 8   the later one was.
 9          MR. STEARNS:  Well, Your Honor, we can address that,
10   obviously, in another context.
11          THE COURT:  I mean, we don't know --
12          MR. STEARNS:  My point is that of all the arguments
13   made, this one has so many other defects, I don't care about
14   this particular defect.  This argument, in my view, is --
15          THE COURT:  So, then, are you agreeing that we will
16   throw out, then, the answer to question 19(g) and assume that
17   they intended for them to be jointly and severally liable?
18          MR. STEARNS:  No.
19          THE COURT:  Well, then, we need to have them resolve
20   it.
21          MR. STEARNS:  I don't think I could do that.
22          THE COURT:  Yeah.  I think it would be a problem.
23          MR. STEARNS:  Unless they stipulated to 50/50, I
24   think that I could agree to.  And it ultimately doesn't
25   matter, so I think they should agree to it, because we have
```

```
 1    other issues that are far more important that overwhelm this
 2    particular argument.
 3              MR. ARISOHN:  We'll do that, Your Honor.
 4              THE COURT:  Okay.  So you're going to agree to an
 5    apportionment of liability as to statement 19.
 6              MR. ARISOHN:  Yes.  And only 19.
 7              THE COURT:  Okay.  Fine.  Thank you.
 8              Okay.  Jury, please.
 9              Oh, wait.  Could you just hold on one second,
10    Mr. Bell?
11              Now, I just want the plaintiffs to understand that
12    the way I interpret this is that the jury has found zero for
13    the first period regardless of the statement.  Okay.  That's
14    the way you interpret it also.
15              MR. ARISOHN:  I don't see how it's interpreted any
16    other way.
17              THE COURT:  Okay.  Fine.
18              Jury, please.
19              I'm going to ask you if there's a request that the
20    jury be polled.
21              MR. STEARNS:  The answer is yes, Your Honor.
22              THE COURT:  Okay.  Well, let's do it when they get
23    out here.
24              (Jury returns at 11:17 a.m.)
25              THE COURT:  Okay.  You can have a seat.
```

```
 1              Okay.  Is there a request that the jury be polled?
 2              MR. STEARNS:  There is, Your Honor.
 3              THE COURT:  Okay.  So, now, what's going to happen
 4    next is Kathryn is going to call out your names one by one and
 5    she's going to ask you, more or less, the following
 6    question -- "Are the verdicts as read in open court your
 7    verdicts" -- and you simply need to answer "yes" or "no,"
 8    whichever is the correct answer.
 9              THE COURTROOM DEPUTY:  Juror number 1, Claudia Meza
10    are the verdicts as -- you can be seated, that's okay -- are
11    the verdicts as read in open court your verdicts?
12              JUROR:  Yes.
13              THE COURTROOM DEPUTY:  Juror number 2, Alex Bramwell,
14    are the verdicts as read in open court your verdicts?
15              JUROR:  Yes.
16              THE COURTROOM DEPUTY:  Juror number 3, Paulette
17    Robinson, are the verdicts as read in open court your
18    verdicts?
19              JUROR:  Yes.
20              THE COURTROOM DEPUTY:  Juror number 4, Lakesha Dixon,
21    are the verdicts as read in open court your verdicts?
22              JUROR:  Yes.
23              THE COURTROOM DEPUTY:  Juror number 5, Rosa
24    Rodriguez, are the verdicts as read in open court your
25    verdicts?
```

```
 1            JUROR:  Yes.

 2            THE COURTROOM DEPUTY:  Juror number 6, Charles

 3   Stills, are the verdicts as read in open court your verdicts?

 4            JUROR:  Yes.

 5            THE COURTROOM DEPUTY:  Juror number 7, Manuela

 6   Lugones, are the verdicts as read in open court your verdicts?

 7            JUROR:  Yes.

 8            THE COURTROOM DEPUTY:  Juror number 8, Jeanne Sapp,

 9   are the verdicts as read in open court your verdicts?

10            JUROR:  Yes.

11            THE COURTROOM DEPUTY:  Juror number 9, Leticia

12   Bacallao, are the verdicts as read in open court your

13   verdicts?

14            JUROR:  Yes.

15            THE COURTROOM DEPUTY:  Thank you.

16            THE COURT:  Okay.  So the jurors accede in the

17   verdicts.

18            Okay.  Ladies and gentlemen, your work is at an end,

19   and I'm sure you're anxious to get out of here, but hopefully

20   you'll give me a minute or two to thank you for your time and

21   attention to the case.

22            I think all of us were very impressed with the level

23   of attention that you gave it and how seriously you took the

24   case, and I think that your verdicts reflect that you were

25   very thoughtful when it came to looking at the evidence and
```

1   applying the law to the facts as you found them from the

2   evidence.  We know it was a very complicated case.  You

3   probably had no idea how complicated it was going to become

4   when you got the verdict form.  So we all very much appreciate

5   all the hard work you've put into this.

6           You have the right to speak about the case if you

7   wish.  You also have the right to keep your deliberations to

8   yourselves.  If you choose to keep your deliberations to

9   yourselves, the law will protect you in that choice.  For

10  example, the lawyers are not even allowed to approach you

11  without first obtaining a court order.

12          If there's anything you need for your employer,

13  Kathryn will meet you in the jury room.  And you are at this

14  time discharged from jury service with all of our utmost

15  thanks.  Thank you very, very much.

16          (Jury discharged at 11:20 a.m.)

17          THE COURT:  Okay.  Well, we'll look forward to

18  getting the post-trial motions.

19          MR. STEARNS:  Yes, Your Honor.

20          Can we just have a brief conversation about

21  procedure?

22          We have now seven questions answered for which

23  obviously we will have post-trial motions directed since we

24  don't believe there's any damage connection to any of those

25  seven statements, and obviously, now we have seven discrete

1    statements to address in terms of whether they're forward

2    looking or another.

3            But the other issue that arises is that this

4    obviously doesn't result in a final judgment.  And, so the

5    issue is obtaining appellate review and a process to be going

6    forward.

7            THE COURT:  I'm totally open to this because I'd

8    rather get the case up on appeal and resolved.

9            MR. STEARNS:  Judge Gold in Exxon, for example,

10   certified the case to the Eleventh Circuit and they took it on

11   that basis, and that allowed the Eleventh Circuit to review it

12   before the claims process even started, and that saves

13   everybody a lot of time.  And obviously, we have issues for

14   the seven questions Your Honor instructed the jury on --

15           THE COURT:  I'm inclined to go with that.  But, of

16   course, the plaintiffs haven't had a chance to weigh in.

17           MR. ARISOHN:  Well, I'd like not to have to weigh in

18   at this moment, Your Honor.

19           THE COURT:  Right.  This is not the -- you can file

20   your motion to that effect and let's let them respond.  But

21   I'm very open to the idea.  Certainly, I don't think it's a

22   bad idea.  But I need to see what the arguments are on both

23   sides.

24           MR. STEARNS:  Yes.  We'll file our appropriate

25   papers, Your Honor.

1          THE COURT:  Okay.  All right.  That's fine.

2          But I am anxious to wrap up what I can so that it can

3    move on.  So, we're not going to be very generous with

4    extensions of time, if at all generous with extensions of

5    time.

6          MR. STEARNS:  And, Your Honor, from our perspective,

7    you will not be seeing requests for extensions of time because

8    this is something that needs to be resolved for the people

9    involved very promptly.

10         THE COURT:  Right.  On both sides.

11         MR. ARISOHN:  On both sides.  Exactly, Your Honor.

12         THE COURT:  Right.  Okay.

13         MR. STEARNS:  Thank you, Your Honor.

14         MR. ARISOHN:  Thank you, Your Honor.

15         THE COURT:  I take it you have no objection to my

16   going back to the jury room and thanking the jurors

17   personally?

18         MR. STEARNS:  Of course not, Your Honor.

19         THE COURT:  Okay.

20         MR. ARISOHN:  Thank you, Your Honor.

21         (Recessed at 11:23 a.m.)

22         (Resumed at 12:55 p.m. with the parties present via

23   speakerphone)

24         THE COURT:  Hi.  This is Judge Ungaro in In Re:

25   BankAtlantic Securities Litigation.

```
 1              I'm sorry to bother you again, but who's on the phone
 2     for the plaintiffs?
 3              MR. ARISOHN:  Mark Arisohn, Your Honor.
 4              THE COURT:  Okay.  And for the defense?
 5              MR. STEARNS:  This is Gene Stearns, Your Honor.
 6              THE COURT:  You know, so, we were sitting here trying
 7     to figure out procedurally how this is going to work, and
 8     maybe, Mr. Stearns, you can explain what happened in Exxon.
 9     But, you know, the time doesn't start to run on the motion for
10     new trial and motion for judgment as a matter of law post
11     verdict anymore.  It runs post judgment.
12              MR. STEARNS:  Yes.
13              THE COURT:  So I assume, though, you would prefer
14     that I didn't enter a judgment, that we did whatever briefing
15     there was, the Court entered its order certified for
16     interlocutory appeal, and you took your interlocutory appeal.
17              MR. STEARNS:  Yes.
18              THE COURT:  You do prefer that.
19              MR. STEARNS:  Yes.
20              THE COURT:  All right.
21              MR. STEARNS:  It just saves -- it's what we did in
22     Exxon, but it saves everybody the grief if it's going to be
23     reversed.  Then there's no point in spending millions of
24     dollars in the claims process.
25              THE COURT:  No, I agree with you about that.
```

```
 1          But since the clock doesn't start to run under the
 2  Federal Rules of Civil Procedure without a judgment being
 3  entered, what is it that you're contemplating?
 4          MR. STEARNS:  Well, Your Honor, so it's clear, this
 5  outcome is very bad for a public company in this marketplace,
 6  so you know that.
 7          THE COURT:  Right.
 8          MR. STEARNS:  No secret about it.
 9          THE COURT:  Right.
10          MR. STEARNS:  If it's going to be reversed, we need
11  to have it reversed as soon as humanly possible.
12          THE COURT:  Right.  I understand that.
13          MR. STEARNS:  So you can be assured that we will not
14  be tardy in filing something.  If it wasn't the Thanksgiving
15  weekend next weekend, if everybody wasn't completely tired, I
16  would say next week, but certainly the week after.
17          THE COURT:  Okay.  So, let me just make sure I
18  understand what you all are contemplating.  What you're
19  contemplating is that within, let's say -- let's just say,
20  just for the sake of talking, within 14 business days you're
21  going to file a written motion for judgment as a matter of law
22  or for a new trial.
23          MR. STEARNS:  Yes.
24          THE COURT:  Is that right?
25          MR. STEARNS:  That's correct.
```

```
 1              THE COURT:  Even though the clock won't be running

 2    technically under the Federal Rules of Civil Procedure.

 3              MR. STEARNS:  That is correct.

 4              THE COURT:  And you're also going to file a motion

 5    for interlocutory or certification under 1292.

 6              MR. STEARNS:  That is correct also.

 7              THE COURT:  Okay.  So I just wanted to make sure

 8    about that, because otherwise I was sitting here thinking,

 9    well, how am I going to enter a judgment to get the clock

10    ticking, you know, so that we had some orderly process here.

11              MR. STEARNS:  I mean, obviously, most of these cases

12    settle, so there's not a lot of history here.  And the reason

13    I relate to the Exxon case is because it's unusual because it

14    literally took every single step along the way.  So we've been

15    through this and we briefed it fully, and I'm just trying to

16    cut to the chase.

17              THE COURT:  Okay.  So, in case you hadn't noticed,

18    I'm a little bit of a control freak.

19              MR. STEARNS:  Absolutely, Your Honor.

20              THE COURT:  Right.  Yes.  So, I would very much like

21    to enter an order that says that this is how things are going

22    to proceed.

23              Is 14 business days enough time for to you get your

24    motion in?

25              MR. STEARNS:  It probably is.  But I would only ask,
```

```
 1    just because we have 28 days normally, if you say 20 business
 2    days, that would give me the 28.  But I can assure the Court
 3    I'm not going take it all.
 4              THE COURT:  That's fine.
 5              MR. STEARNS:  A lot of our team is tired.  Some are
 6    sick.  The more time is better.  We won't take it.  I will
 7    tell the Court that.
 8              THE COURT:  That's fine.  We can work on the class
 9    certification issue in the interim, because we still have to
10    resolve that.  We haven't resolved it.
11              MR. STEARNS:  Yeah.  That's complicated too, because
12    if you think of what the jury did, there are only two
13    statements left in April that would affect the named
14    plaintiffs, for example, because they bought a few shares
15    after the April earnings release; and the two statements the
16    jury found, one of them is Alan Levan's statement that both
17    loans are what we call our builder land bank loans.
18              THE COURT:  Right.
19              MR. STEARNS:  And the second statement is, of our
20    $1.5 billion portfolio, we're not worried about the
21    construction loans in that portfolio.
22              THE COURT:  Right.
23              MR. STEARNS:  It is our view that those two
24    statements -- for example, the first, the analyst community
25    interpreted the remarks, because they heard the rest of what
```

1   Mr. Levan to say is there was one builder land bank loan and

2   one nonbuilder land bank loan.  That's what the analyst

3   community wrote that day and the following day because they

4   read the entirety of the report.  So that's a tough claim.

5   The notion that damages would flow from that statement is a

6   little weak.

7          I say this, because that April call and the statement

8   that followed it about the $1.4 billion portfolio, it is our

9   belief that the record establishes the truth of that

10  statement.  That's half of the claim.  That's three months

11  worth.

12         So, those claims are very important to be resolved

13  with respect to even the named plaintiffs, because they have

14  no damage claim, because they only bought a few shares after

15  April.  They started selling fairly quickly after that time

16  period.

17         THE COURT:  Well, that's an interesting issue, and

18  maybe we need to wait for you to brief this, because I would

19  have thought that we would have looked at class certification

20  as of the time class certification was originally briefed.

21  But maybe there's a new issue here about decertification in

22  light of the verdict.

23         MR. STEARNS:  That's really kind of where I'm driving

24  at, which is, in our view, for what it's worth, the two early

25  statements, by rejecting much of what the plaintiffs had

1   argued in the April call or the public statements here the

2   company made and adopting just those two conference calls,

3   it's a very -- and no damage testimony, by the way, that ties

4   those two calls into anything.

5           THE COURT:  Well, look, without arguing the merits of

6   it, so should I anticipate, though, then also either an

7   amended motion or renewed motion to just decertify the class

8   that has some new grounds in it?

9           MR. STEARNS:  Well, I would say if Your Honor put

10  that in the order, that we would have that time to do it.  I

11  won't say we'll make the argument.  But I would say we're

12  now -- obviously we've only had a couple hours to go over the

13  eight statements the jury found to be false and fraudulent.

14  But I would say that that's not unlikely.

15          THE COURT:  Okay.  So we'll include that in the

16  order.

17          MR. STEARNS:  Yes.  Thank you.

18          THE COURT:  Okay.

19          MR. ARISOHN:  And the order is just going to set

20  forth the time period in which the defendants have to make a

21  motion and we have to respond to it?

22          THE COURT:  Yes.

23          MR. ARISOHN:  Okay.

24          MR. STEARNS:  And incidentally, when I was on the

25  plaintiff side where Mr. Arisohn is, I encouraged that

```
 1    procedure as well because no one wanted to spend a lot of time

 2    on a process, you know, that had risk.

 3              THE COURT:  Right.  I agree with you.  I mean, that

 4    makes sense to me.  You know, I don't want to overstate my

 5    position because I haven't seen what everybody submitted

 6    but --

 7              MR. ARISOHN:  I understand the position, Your Honor,

 8    and I have to say that on the surface it does make sense.

 9    Nobody wants to waste a lot of time or money.  I know at the

10    same time, we've been working very hard and very long on this

11    case, and to bring it to some kind of a conclusion is also of

12    interest to our client.  So, you know, let's see what they say

13    and we'll respond.  We may agree with them.

14              THE COURT:  It will never be resolved until there's

15    an appeal anyway.

16              MR. ARISOHN:  That's probably true.

17              THE COURT:  So might as well get the appeal done and

18    over with.  Right?

19              MR. ARISOHN:  Right.

20              All I know, Your Honor, is I've been here for almost

21    eight weeks and I have a grandchild at home that I haven't

22    seen.  I'm heading home.

23              THE COURT:  Well, have a safe flight.

24              MR. ARISOHN:  Thank you, Your Honor.

25              MR. STEARNS:  Thank you, Your Honor.  We'll get on
```

```
 1   it.
 2            THE COURT:  All right.  Thank you very much.
 3            MR. STEARNS:  Appreciate it.  Bye.
 4            (Adjourned at 2:03 p.m.)
 5      *     *     *     *     *     *     *     *     *
 6                    C E R T I F I C A T E
 7
 8       I certify that the foregoing is a correct transcript
 9   from the record of proceedings in the above-entitled matter.
10
11   November 18, 2010                /s/ William G. Romanishin
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## A

**Abdo** 4348:25 4350:22 4351:18 4352:2
4352:10,17,25 4353:8,16 4354:14
4355:15 4357:7 4358:12 4359:17
4360:11 4361:15 4363:7
**above-entitled** 4382:9
**Absolutely** 4377:19
**accede** 4371:16
**acceptable** 4349:17
**act** 4348:23 4365:17
**acted** 4348:14,15,19,21 4350:15 4351:1
4351:22 4352:15 4353:12 4354:7,18
4355:8,19,24 4356:25 4357:12,17
4358:8,17,21 4359:10,21 4360:3,14
4360:18 4361:7,18,22 4362:19
4363:12,17 4366:19
**ADAM** 4345:3
**add** 4364:1
**address** 4345:21 4368:9 4373:1
**Adjourned** 4382:4
**adopting** 4380:2
**affect** 4378:13
**agree** 4345:24,25 4364:22,24 4365:9,24
4368:24,25 4369:4 4375:25 4381:3
4381:13
**Agreed** 4365:10
**agreeing** 4368:15
**agreement** 4364:17
**Alan** 4351:20 4351:8,17 4352:1,4,13,20
4353:3,7,15 4354:4,7,13,21,23 4355:1
4355:5,8,14,22 4356:2,9,14,19,22,25
4357:6,14,20,25 4358:2,5,11,19,24
4359:4,7,10,16,23,25 4360:3,9,16,21
4361:1,4,7,13,20,25 4362:5,10,15,20
4363:1,6,14,20 4364:2,21 4378:16
**Alex** 4346:17 4364:9 4370:13
**ALHADEFF** 4345:2
**alleged** 4367:14
**allegedly** 4350:4 4353:25
**allowed** 4372:10 4373:11
**amended** 4380:7
**amount** 4353:19 4364:4
**analyst** 4378:24 4379:2
**ANDREA** 4345:5
**ANDREW** 4344:16
**answer** 4347:14 4352:1 4360:10
4366:11,23 4367:6 4368:16 4369:21
4370:7,8
**answered** 4347:7,10,14 4350:25
4351:21 4352:14,21 4353:11 4354:17
4355:18,23 4356:3 4357:11,16,22
4358:16,20 4359:1,17,20 4360:12,17
4360:23 4361:17,21 4362:2,17,22
4372:22
**answered'yes** 4367:1
**anticipate** 4380:6
**anxious** 4371:19 4374:2
**anymore** 4375:11
**anyway** 4381:15
**appeal** 4373:8 4375:16,16 4381:15,17
**appear** 4349:1
**APPEARANCES** 4344:11 4345:1
**appears** 4348:14 4364:25
**appellate** 4373:5
**applying** 4372:1
**apportioned** 4366:21
**apportionment** 4369:5
**appreciate** 4372:4 4382:3
**approach** 4372:10
**appropriate** 4373:24
**April** 4347:25 4348:7,12 4350:5
4353:22 4354:1 4364:6 4378:13,15
4379:7,15 4380:11
**argued** 4380:1
**arguing** 4380:5
**argument** 4367:7 4368:1,14 4369:2
4380:11
**arguments** 4368:12 4373:22
**arises** 4373:3
**Arisohn** 4344:12 4345:24 4346:5,10
4349:18 4364:24 4365:9 4366:10
4367:15,21 4369:3,6,15 4373:17
4374:11,14,20 4375:3,3 4380:19,23
4380:25 4381:7,16,19,24
**asked** 4365:6,18

**assign** 4366:22
**associated** 4347:20 4348:1 4349:8
**assume** 4368:16 4375:13
**assure** 4378:2
**assured** 4376:13
**attention** 4371:21,23
**Avenue** 4344:20,24
**a.m** 4344:4 4345:9 4346:12 4347:5,16
4347:17 4349:20 4364:13 4369:24
4372:16 4374:21

## B

**B** 4345:5
**Bacallao** 4371:12
**back** 4348:18 4348:5 4374:16
**bad** 4373:22 4376:5
**Bancorp** 4344:3 4350:9,13,19 4351:7,11
4351:15 4352:4,9 4353:4 4354:5,11
4354:23 4355:2,5,12 4356:12,18,22
4357:4 4358:2,9 4359:7,14,25 4360:7
4361:4,11 4362:9,14 4363:4
**bank** 4378:17 4379:1,2
**BankAtlantic** 4344:3 4345:11 4374:25
**BARROWAY** 4344:15
**basis** 4373:11
**bears** 4352:23 4356:5 4357:23 4359:2
4360:24 4362:3,24 4363:24
**belief** 4379:9
**believe** 4348:25 4372:24
**Bell** 4369:10
**better** 4373:6
**billion** 4378:20 4379:8
**bit** 4377:18
**bother** 4375:1
**bought** 4378:14 4379:14
**Bramwell** 4346:17,18 4364:9 4370:13
**Brickell** 4344:20
**brief** 4372:20 4379:18
**briefed** 4377:15 4379:20
**briefing** 4375:14
**bring** 4349:6,9 4381:11
**Broadway** 4344:14
**builder** 4378:17 4379:1
**BURNETT** 4344:19
**business** 4376:20 4377:23 4378:1
**Bye** 4382:3

## C

**C** 4382:6,6
**call** 4347:25 4348:2,7 4370:4 4378:17
4379:7 4380:1
**calls** 4380:2,4
**capacity** 4355:25 4357:17 4358:22
4360:19 4361:23 4363:18
**care** 4365:3 4368:13
**case** 4344:2 4348:3 4349:12 4371:21,24
4372:2,6 4373:8,10 4377:13,17
4381:11
**cases** 4377:11
**caused** 4353:20 4364:5
**CECILIA** 4345:3
**certainly** 4367:17 4373:21 4376:16
**certification** 4377:5 4378:9 4379:19,20
**certified** 4373:10 4375:15
**certify** 4382:8
**chance** 4370:24
**Charles** 4371:2
**chase** 4377:16
**CHECK** 4344:16
**choice** 4372:9
**choose** 4372:8
**Circuit** 4373:10,11
**Civil** 4376:2 4377:2
**claim** 4379:4,10,14
**claims** 4373:12 4375:24 4379:12
**clarify** 4366:15
**class** 4378:8 4379:19,20 4380:7
**Claudia** 4370:9
**clear** 4364:20 4367:25 4376:4
**client** 4381:12
**clock** 4376:1 4377:1,9
**community** 4378:24 4379:3
**company** 4376:5 4380:2
**complete** 4346:19
**completely** 4345:19 4376:15
**complex** 4349:24

**complexity** 4345:16 4346:23
**complicated** 4367:14 4372:2,3 4378:11
**conceptualized** 4348:3
**conclusion** 4381:11
**conference** 4347:25 4348:2,7 4380:2
**confusing** 4347:23
**connection** 4372:24
**construction** 4378:21
**contact** 4346:25
**contemplating** 4376:3,18,19
**context** 4368:10
**continued** 4344:22 4345:1
**control** 4377:18
**controlling** 4348:16,19,23 4350:19
4351:15 4353:5 4354:11 4355:12,25
4356:5 4357:4,18,24 4358:9,22
4359:3,14 4360:7,19,25 4361:11,23
4362:4 4363:4,18,24 4364:18,21
4365:16
**conversation** 4372:20
**copies** 4347:13,15
**copy** 4346:1
**correct** 4370:8 4376:25 4377:3,6 4382:8
**correctly** 4365:20,22
**counsel** 4345:12
**couple** 4364:15 4380:12
**course** 4365:5 4373:16 4374:18
**court** 4344:1,23 4345:9,10 4346:3,6,11
4346:13,16,18,21 4347:6,18 4349:3,5
4349:14,16,19,21 4364:14 4365:2,10
4365:13,21,24 4366:2,9,12,18
4367:11,12,19 4368:2,5,11,15,19,22
4369:4,7,17,21 4370:3,6,9,12,16,14,17
4370:21,24 4371:3,6,9,12,16 4372:1,8
4372:17 4373:7,15,19 4374:1,10,12
4374:15,19,24 4375:4,6,13,15,18,20
4375:25 4376:7,9,12,17,24 4377:1,4,7
4377:17,20 4378:2,4,7,8,18,22
4379:17 4380:5,15,18,22 4381:3,14
4381:17,23 4382:2
**courtroom** 4346:22 4349:10,22 4370:3
4370:13,16,20,23 4371:2,5,8,11,15
**Court's** 4344:23
**CRR** 4344:23
**cut** 4377:16

## D

**D** 4344:20 4345:4
**damage** 4372:24 4379:14 4380:3
**damages** 4347:8,11 4348:5 4353:20
4364:5 4379:5
**DANEK** 4344:17
**dated** 4364:9
**day** 4379:3,3
**days** 4376:20 4377:23 4378:1,2
**deal** 4349:15 4366:3
**deceive** 4348:18
**decertification** 4379:21
**decertify** 4380:7
**decide** 4367:23
**decided** 4368:7
**defects** 4367:9,9,10 4368:13
**defendant** 4350:25 4351:1,21,22
4352:14,15,21,23 4353:11,12 4354:17
4354:18 4355:18,19,23,24 4356:3
4357:10,12,15,17,21,23 4358:15,17
4358:20,21,25 4359:2,19,21 4360:12
4360:13,17,18,22,24 4361:16,18,21
4361:22 4362:1,3,17,18,22,24
4363:10,11,16,17,22,24
**defendants** 4345:2 4350:6,18 4351:6,14
4352:8 4353:4 4354:2,10 4355:11
4356:12,17 4357:4 4358:9 4359:13
4360:7 4361:10 4362:8,13 4363:3
4364:1 4380:20
**defense** 4345:16 4347:19 4366:12
4367:16,22 4375:4
**deliberate** 4346:25
**deliberations** 4348:5 4372:7,8
**deputy** 4346:22 4349:10,22 4370:9,13
4370:16,20,23 4371:2,5,8,11,15
**different** 4364:15
**difficult** 4348:9
**directed** 4372:23
**direction** 4366:13

**directions** 4366:11
**directly** 4351:2,23 4353:13 4354:19
4355:20 4357:12 4358:17 4359:21
4360:14 4361:18 4363:12
**discharged** 4372:14,16
**discrete** 4372:25
**discuss** 4356:8
**discussed** 4365:4
**DISTRICT** 4344:1,1,9
**Dixon** 4370:20
**DOLGOFF** 4344:13
**dollars** 4353:23 4375:24
**driving** 4379:23

## E

**E** 4345:3 4382:6,6
**earlier** 4368:6,7
**early** 4379:24
**earnings** 4378:15
**effect** 4373:20
**eight** 4380:13 4381:21
**either** 4351:6 4356:11,17 4362:8,13
4380:6
**Eleventh** 4373:10,11
**employer** 4372:12
**encouraged** 4380:25
**enter** 4375:14 4377:9,21
**entered** 4348:11 4375:15 4376:3
**entirety** 4379:4
**ESQ** 4344:12,13,13,16,17,17,20 4345:3
4345:3,4,4,5,5
**establishes** 4379:9
**EUGENE** 4345:3
**event** 4356:8 4366:20
**everybody** 4349:17 4373:13 4375:22
4376:15 4381:5
**evidence** 4371:25 4372:2
**Exactly** 4374:1
**example** 4345:22 4365:13 4372:10
4373:9 4378:14,24
**exonerated** 4348:25
**explain** 4367:23 4375:8
**extensions** 4374:4,4,7
**Exxon** 4373:9 4375:8,22 4377:13

## F

**f** 4365:5 4382:6
**face** 4366:5
**fact** 4348:11
**facts** 4372:1
**fairly** 4379:15
**faith** 4346:19,23 4351:2,23 4353:13
4354:19 4355:20 4357:12 4358:17
4359:21 4360:14 4361:18 4363:12
4365:17
**false** 4345:20 4368:7,7 4380:13
**falsehoods** 4367:4
**far** 4369:1
**Federal** 4376:2 4377:2
**feel** 4345:23
**figure** 4375:7
**file** 4373:19,24 4376:21 4377:4
**filing** 4376:14
**filled** 4366:14 4367:2
**final** 4373:4
**find** 4348:1 4350:2,5,9,12,15,18 4351:1
4351:6,11,14,22 4352:4,8,15 4353:4
4353:12 4354:1,4,7,10,18,23 4355:1,5
4355:8,11,19,24 4356:2,11,17,22 4357:4
4357:3,11,16 4358:2,5,8,16,21 4359:7
4359:10,13,20,25 4360:3,6,13,18
4361:4,7,10,17,22 4362:8,13,17
4363:3,11,17
**fine** 4346:10 4369:7,17 4374:1 4378:4,8
**first** 4348:4 4353:20 4364:5 4369:13
4372:11 4378:24
**Flagler** 4345:5
**flight** 4381:23
**flip** 4367:5
**Floor** 4344:14,20
**Florida** 4344:1,3,21,24 4345:6
**flow** 4379:5
**followed** 4379:8
**following** 4350:18 4351:6,14 4352:8
4353:4 4354:10 4355:11 4356:12,17
4357:4 4358:8 4359:13 4360:6

4361:10 4362:8,13 4363:3 4370:5
4379:3
**foregoing** 4382:8
**foreperson** 4346:15,17,20
**form** 4345:16,21 4346:21,23 4347:21
4350:2 4366:5 4367:14 4372:4
**formally** 4346:8
**forth** 4380:20
**forward** 4372:17 4373:1,6
**found** 4347:8,11 4348:4,11,14,15
4353:21 4364:6 4366:19 4367:6
4368:5 4369:12 4372:1 4378:16
4380:13
**FOWLER** 4344:19
**fraud** 4348:11
**fraudulent** 4380:13
**freak** 4377:18
**fully** 4377:15
**further** 4346:25

**G**

**G** 4344:23 4382:11
**Gene** 4375:5
**generous** 4374:3,4
**gentlemen** 4371:18
**getting** 4372:18
**give** 4371:20 4378:2
**go** 4373:15 4380:12
**going** 4345:19 4346:24 4347:2 4349:9
4349:24 4369:4,19 4370:3,4,5 4372:3
4373:5 4374:3,16 4375:7,22 4376:10
4376:21 4377:4,9,21 4378:3 4380:19
**Gold** 4373:9
**good** 4345:10 4346:7,13 4348:16,19,23
4351:1,22 4353:12 4354:18 4355:19
4357:12 4358:17 4359:21 4360:14
4361:18 4363:12 4365:17
**GORDON** 4345:4
**grandchild** 4381:21
**great** 4349:15
**grief** 4375:22
**grounds** 4380:8

**H**

**half** 4379:10
**HALLOWELL** 4344:13
**hand** 4346:21
**happen** 4370:3
**happened** 4365:14 4366:18 4375:8
**hard** 4372:5 4381:10
**heading** 4381:22
**heard** 4376:23
**help** 4349:10
**Hi** 4374:24
**history** 4377:12
**hold** 4365:15 4369:9
**home** 4381:21,22
**Honor** 4345:24 4349:1,18 4364:24
4365:1,12 4366:11 4367:25 4368:9
4369:3,21 4370:2 4372:19 4373:14
4373:18,25 4374:6,11,13,14,18,20
4375:3,5 4376:4 4377:19 4380:9
4381:7,20,24,25
**HONORABLE** 4344:8
**hopefully** 4371:19
**hours** 4380:12
**How's** 4346:9
**humanly** 4376:11
**hundred** 4348:24

**I**

**idea** 4346:8 4347:13 4372:3 4373:21,22
**identical** 4367:5,6
**identifying** 4367:11
**II(A)** 4353:24
**II(B)** 4364:4
**immaterial** 4365:8
**important** 4369:1 4379:12
**impressed** 4371:22
**incidentally** 4380:24
**inclined** 4373:15
**include** 4380:15
**inconsistencies** 4345:22
**inconsistency** 4366:6,10 4367:13,16,22
4367:24

**indicated** 4356:9 4357:25 4359:4,16
4360:10 4361:1,14 4362:5 4365:7
**indirectly** 4351:2,23 4353:13 4354:19
4355:20 4357:13 4358:18 4359:22
4360:14 4361:19 4363:12
**induce** 4351:2,23 4353:13 4354:19
4355:20 4357:13 4358:18 4359:22
4360:14 4361:19 4363:12
**instance** 4361:9
**instructed** 4373:14
**instructions** 4346:19
**intended** 4368:17
**intent** 4348:18 4350:2 4364:20,23,25
**interest** 4381:12
**interesting** 4379:17
**interim** 4378:9
**interlocutory** 4375:16,16 4377:5
**interpret** 4369:12,14
**interpreted** 4369:15 4378:25
**involved** 4374:9
**issue** 4366:4,17 4373:3,5 4378:9
4379:17,21
**issues** 4345:21 4347:20 4369:1 4373:13
**I(A)** 4350:3
**I(B)** 4353:19

**J**

**JACKSON** 4345:5
**James** 4350:9,12,15,24 4351:4,9,20
4352:2,11,18 4353:1,10,18 4354:16
4355:17 4356:15,20
**Jarett** 4349:3,4 4350:23 4351:11,19,25
4352:12,19 4353:2,9,17 4354:15
4355:16 4357:8 4358:13 4359:17
4360:11 4361:15 4363:8
**Jeanne** 4371:8
**John** 4350:22 4351:18 4352:2,10,17,25
4353:8,16 4354:14 4355:15 4357:7
4358:12 4363:7
**jointly** 4366:20 4368:17
**JR** 4345:4
**Judge** 4344:9 4373:9 4374:24
**judgment** 4373:4 4375:10,11,14 4376:2
4376:21 4377:9
**Juror** 4372:9,12,13,15,16,19,20,22,23
4371:1,2,4,5,7,8,10,11,14
**jurors** 4371:16 4374:16
**jury** 4344:9 4345:8,14,18 4346:11,12,18
4346:24 4347:1,5 4348:11,13,15
4349:6,9,19,20 4350:2 4356:9
4357:25 4359:4,16 4360:10 4361:1
4361:14 4362:5 4364:11,13 4367:23
4369:8,12,18,20,24 4370:1 4372:13
4372:14,16 4373:14 4374:16 4378:12
4378:16 4380:13
**jury's** 4364:22

**K**

**Kathryn** 4370:4 4372:13
**keep** 4372:7,8
**KESSLER** 4344:15
**kicking** 4364:16
**kind** 4379:23 4381:11
**kinds** 4364:15
**King** 4344:18
**know** 4346:7 4347:3,19 4348:17,17,20
4364:15 4365:5 4366:5 4367:8,9
4368:5,11 4372:2 4375:6,9 4376:6
4377:10 4381:2,4,9,12,20
**knowingly** 4348:14,22 4350:15 4351:11
4352:15 4354:7 4355:8,25 4357:1,17
4358:6,21 4359:10 4360:3,19 4361:7
4361:23 4362:19 4363:18 4365:16
4366:19

**L**

**L** 4344:16
**LABATON** 4344:12
**Ladies** 4371:18
**Lakesha** 4370:20
**land** 4378:17 4379:1,2
**law** 4372:1,9 4375:10 4376:21
**lawyers** 4356:8 4372:10
**left** 4378:13
**lengthy** 4367:13

**Leticia** 4371:11
**let's** 4347:13 4349:6,9 4369:22 4373:20
4376:19,19 4381:12
**Levan** 4348:11,17,19,23 4350:21,23
4351:8,11,17,19,25 4352:1,4,12,13,19
4352:20 4353:2,3,7,9,15,17 4354:5,7
4354:13,15,21,23 4355:2,5,8,14,16,22
4356:2,10,14,19,22,25 4357:6,8,14,20
4357:25 4358:2,5,11,13,19,24 4359:5
4359:7,10,16,17,23,25 4360:3,9,11,16
4360:21 4361:2,4,7,15,16,20,25
4362:6,10,15,20 4363:2,3,6,8,14,20
4364:2,21 4365:8,15 4366:19 4379:1
**Levan's** 4378:16
**level** 4371:22
**liability** 4364:18 4366:21 4369:5
**liable** 4366:20 4368:17
**light** 4345:15 4348:10 4379:22
**list** 4352:22 4356:4 4357:22 4359:1
4360:23 4362:2,23 4363:23 4364:18
**literally** 4377:14
**Litigation** 4344:3 4345:11 4374:25
**little** 4347:23 4377:18 4379:6
**LLP** 4344:12,16
**loan** 4367:7 4368:1,6 4379:1,2
**loans** 4378:17,17,21
**long** 4381:10
**look** 4345:19 4365:14 4366:12 4367:3
4372:17 4380:5
**looked** 4379:19
**looking** 4365:11 4366:25 4371:25
4373:2
**lot** 4347:3 4373:13 4377:12 4378:5
4381:1,9
**Lots** 4349:14
**loudly** 4346:16
**Lugones** 4371:6

**M**

**M** 4345:3,4
**major** 4367:9
**making** 4365:16
**Manuela** 4371:5
**mark** 4344:12,17 4356:7 4375:3
**market** 4348:11
**marketplace** 4376:5
**matter** 4365:8 4366:25 4375:10 4376:21
4382:9
**matters** 4347:24 4348:10,20 4367:8,9
**MATTHEW** 4344:17
**MEAD** 4345:4
**mean** 4346:3 4368:11 4377:11 4381:3
**meet** 4372:13
**MELTZER** 4344:15
**merits** 4380:5
**Meza** 4370:9
**Miami** 4344:5,21,24,24 4345:6
**MILLER** 4345:2
**millions** 4375:23
**MINDY** 4344:13
**minute** 4371:20
**minutes** 4347:2
**mistake** 4366:13 4367:1,2
**moment** 4373:18
**money** 4381:9
**months** 4379:10
**morning** 4345:10 4346:13
**motion** 4373:20 4375:9,10 4376:21
4377:4,24 4380:7,7,21
**motions** 4372:18,23
**move** 4374:3
**MUSTOKOFF** 4344:17

**N**

**N** 4345:5
**name** 4346:16
**named** 4378:13 4379:13
**names** 4370:4
**NATHAN** 4345:5
**need** 4366:3,10 4368:19 4370:7 4372:12
4373:20 4376:10 4379:18
**needs** 4374:8
**never** 4381:14
**new** 4344:14,14 4375:10 4376:22
4379:21 4380:8
**nonbuilder** 4379:2

**normally** 4349:22 4378:1
**North** 4344:24
**note** 4345:14
**noticed** 4377:17
**notion** 4379:5
**November** 4344:3 4364:9 4382:11
**number** 4370:9,13,16,20,23 4371:2,5,8
4371:11
**numbers** 4350:4
**numeral** 4350:3 4353:19,24 4364:4

**O**

**objection** 4346:4 4374:15
**obtaining** 4372:11 4373:5
**obviously** 4346:6 4347:9 4349:2
4368:10 4372:23,25 4373:4,13
4377:11 4380:12
**October** 4350:4 4353:21 4354:1 4364:7
**Official** 4344:23
**Oh** 4369:9
**okay** 4346:6,13,23 4347:3,18 4349:6,19
4349:21,22,25 4350:1 4354:14
4365:3 4366:12,18 4369:4,7,8,13,17
4369:22,25 4370:1,3,10 4371:16,18
4372:17 4374:1,12,19 4375:4
4376:17 4377:7,17 4380:15,18,23
**open** 4345:9 4370:6,11,14,17,21,24
4371:3,6,9,12 4373:7,21
**opposite** 4366:13
**order** 4372:11 4375:15 4377:21 4380:10
4380:16,19
**orderly** 4377:10
**originally** 4379:20
**outcome** 4376:5
**overstate** 4381:4
**overwhelm** 4367:10 4369:1

**P**

**page** 4365:15
**papers** 4373:25
**part** 4347:8
**particular** 4364:23 4368:14 4369:2
**parties** 4373:22
**Paulette** 4370:16
**Pennsylvania** 4344:18
**people** 4374:8
**perceives** 4347:20
**percent** 4344:24 4352:25 4353:1,2,3
4356:9 4357:25 4359:4 4361:1
4362:5 4363:1,2 4364:1,2,3 4365:7
**percentage** 4352:22 4356:4 4357:23
4359:2 4360:24 4362:3,23 4363:23
4363:25 4366:22
**period** 4347:9 4348:5 4353:21 4364:6
4364:16 4369:13 4379:16 4380:20
**person** 4348:16,19,23 4355:25 4356:5
4357:18,24 4358:22 4359:3 4360:19
4360:25 4361:23 4362:4 4363:18,24
4364:18,21 4365:16
**personally** 4374:17
**persons** 4350:19 4351:15 4353:5
4354:11 4355:12 4357:4 4358:9
4359:14 4360:7 4361:11 4363:4
**perspective** 4374:6
**phone** 4375:1
**place** 4347:22
**plaintiff** 4380:25
**plaintiffs** 4344:12 4369:11 4373:16
4375:2 4378:14 4379:13,25
**please** 4346:11,15,22,24 4349:19
4352:22 4356:4 4357:22 4359:1
4360:23 4362:2,23 4363:23 4364:12
4369:8,18
**point** 4368:2,12 4375:23
**polled** 4369:20 4370:1
**portfolio** 4378:20,21 4379:8
**position** 4361:14 4367:15 4381:5,7
**possible** 4376:11
**post** 4375:10,11
**post-trial** 4372:18,23
**potential** 4367:6 4368:1,6
**prefer** 4375:13,18
**presence** 4345:12
**present** 4374:22
**press** 4346:6
**preview** 4347:6

probably 4372:3 4377:25 4381:16
problem 4346:3 4349:7 4364:17 4365:3
  4365:4,24 4366:3 4367:7 4368:1,6,22
problems 4364:16 4366:1
procedurally 4375:7
procedure 4372:21 4376:2 4377:2
  4381:1
proceed 4349:11 4377:22
proceedings 4344:7 4382:9
process 4373:5,12 4375:24 4377:10
  4381:2
promptly 4374:9
protect 4372:9
proximately 4353:20 4364:5
Prussia 4344:18
public 4376:5 4380:1
publish 4346:8 4349:23
published 4345:18
publishing 4346:8
put 4350:1 4372:5 4380:9
p.m 4374:22 4382:4

**Q**

question 4348:21 4350:3,8 4351:1,5,10
  4351:22 4352:3,7,15,22 4353:12,19
  4353:24 4354:18,22 4355:4,19,24
  4356:4,16,21,25 4357:3,10,11,15
  4357:21,22 4358:1,5,15,16,25 4359:1
  4359:6,19,20,24 4360:11,13,18,22,23
  4361:3,16,17,22 4362:1,2,7,12,18,23
  4363:11,17,23 4364:4 4365:1,5,11,19
  4367:5 4368:16 4370:6
questions 4347:3,7 4348:8,9 4349:8
  4372:22 4373:14
quickly 4379:15

**R**

R 4382:6
Radnor 4344:18
reached 4345:14 4346:18
read 4349:23 4370:6,11,14,17,21,24
  4371:3,6,9,12 4379:4
reading 4349:10
really 4347:23 4379:23
reason 4348:13 4377:12
Recessed 4347:16 4374:21
reconcile 4348:10
record 4345:12 4349:11,24 4379:9
  4382:9
reflect 4345:12 4371:24
regardless 4369:13
rejecting 4379:25
relate 4348:5,5,9 4377:13
related 4374:8
release 4378:15
remains 4349:12
remarks 4378:25
renewed 4380:7
report 4379:4
Reported 4344:23
reporter 4344:23 4346:16
representation 4368:6
request 4369:19 4370:1
requests 4374:7
resolve 4364:17 4368:19 4378:10
resolved 4373:8 4374:8 4378:10
  4379:12 4381:14
respect 4347:9 4348:15,22 4350:3,8,12
  4350:16,20 4351:5,10,16 4352:3,7,16
  4353:6,24 4354:4,8,12,22 4355:1,4,9
  4355:13,25 4356:11,16,21 4357:1,5
  4357:18 4358:1,6,10,22 4359:6,11,15
  4359:24 4360:4,8,20 4361:3,8,12,24
  4362:7,12,19 4363:5,19 4364:23
  4367:17 4379:13
respectfully 4349:2
respond 4365:18 4373:20 4380:21
  4381:13
responded 4364:18
responses 4348:8,21
responsibility 4352:23 4356:5 4357:23
  4359:2 4360:24 4362:3,24 4363:24
  4365:7 4366:22
responsible 4348:24 4365:15
rest 4349:12 4378:25
result 4373:4

Resumed 4345:9 4347:17 4374:22
retires 4347:5 4364:13
returns 4346:12 4349:20 4369:24
reversed 4373:23 4376:10,11
review 4375:11,16
reviewing 4345:20 4346:2
RICHARD 4345:5
right 4346:7 4347:4,7 4348:25 4349:5
  4365:23,25 4366:2 4372:6,7 4373:19
  4374:1,10,12 4375:20 4376:7,9,12,24
  4377:20 4378:18,22 4381:3,18,19
  4382:1
risk 4381:2
RMR 4344:23
Road 4344:18
Robinson 4370:17
Rodriguez 4370:24
Roman 4350:3 4353:19,24 4364:4
Romanishin 4344:23 4382:11
RONALD 4344:20
room 4345:18 4346:24 4347:1 4364:11
  4372:13 4374:16
Rosa 4370:23
Rules 4376:2 4377:2
run 4375:9 4376:1
running 4377:1
runs 4375:11

**S**

s 4344:12,17 4382:11
safe 4381:23
sake 4376:20
Sapp 4371:8
saves 4372:12 4375:21,22
saying 4345:14
says 4377:21
SCHACHTER 4345:3
seat 4345:13 4346:14,22 4347:18
  4349:21 4364:14 4369:25
seated 4370:10
second 4347:9 4364:16 4369:9 4378:19
secret 4376:8
section 4350:6,9,13,19 4351:2,7,12,15
  4351:23 4352:5,9,23 4353:5,13,20
  4354:2,5,11,19,23 4355:2,5,12,20
  4356:1,6,13,18,22 4357:5,13,18,24
  4358:2,9,18,23 4359:3,7,14,22,25
  4360:7,15,20,25 4361:4,11,19,24
  4362:4,9,14,24 4363:4,13,19,25
  4364:5 4367:5
Securities 4344:3 4345:11 4374:25
see 4347:22 4366:4,17 4367:18 4369:15
  4373:22 4381:12
seeing 4374:7
seen 4381:5,22
selling 4379:15
send 4345:18
sense 4381:4,8
sent 4345:14
SERENA 4344:13
series 4348:8
seriously 4371:23
service 4372:14
set 4380:19
settle 4377:12
seven 4367:3,4 4372:22,25,25 4373:14
severally 4366:20 4368:17
share 4347:12 4353:20,23 4364:5,8
shares 4378:14 4379:14
SHINDLER 4344:20
show 4347:15
sick 4378:25
side 4380:25
sides 4373:23 4374:10,11
significant 4366:4
SIMMONS 4345:4
simply 4370:7
single 4377:14
SITTERSON 4345:2
sitting 4375:6 4377:8
somebody 4349:7
soon 4376:11
sorry 4375:1
sort 4345:20
SOUTHERN 4344:1
speak 4372:6

speakerphone 4374:23
species 4366:3
specific 4367:3
specifically 4366:21
spend 4381:1
spending 4375:23
stand 4346:15
standpoint 4347:21
start 4375:9 4376:1
started 4373:12 4379:15
state 4344:16
statement 4347:24,24,25 4348:6,6,15,18
  4348:21,22 4349:8 4350:8,12,16,20
  4351:5,10,16 4352:3,7,16 4353:6
  4354:4,8,12,22 4355:1,4,9,13 4356:11
  4356:16,21 4357:1,5 4358:1,6,10
  4359:6,11,15,24 4360:4,8 4361:3,8,12
  4362:7,12,19 4363:5 4364:19
  4365:16 4369:5,13 4378:16,19
  4379:5,7,10
statements 4347:10 4348:6 4350:3
  4353:25 4365:2 4367:4 4372:25
  4373:1 4378:13,15,24 4379:25
  4380:1,13
STATES 4344:1
Stearns 4345:2,3,25 4349:1,4,13,15
  4364:25 4365:10,11,20,23 4366:1,8
  4366:17 4367:3,25 4368:2,4,9,12,18
  4368:21,23 4369:21 4370:2 4372:19
  4373:9,24 4374:6,13,18 4375:5,5,8,12
  4375:17,19,21 4376:4,8,10,13,23,25
  4377:3,6,11,19,25 4378:4 4379:9,19
  4379:23 4380:9,17,24 4381:25
  4382:3
step 4346:9,24 4364:11 4377:14
Stills 4371:3
stipulated 4368:23
Street 4345:6
submitted 4381:5
SUCHAROW 4344:12
suffers 4367:8
suggestion 4345:15 4349:9
Suite 4345:6
supposed 4347:15 4367:19
sure 4347:19 4371:19 4376:14 4377:7
surface 4381:8
suspense 4345:20

**T**

T 4382:6,6
take 4346:9 4347:2 4365:14 4374:15
  4377:3,6
takes 4365:3
talking 4366:6 4376:20
tardy 4376:14
team 4378:5
technical 4347:21
technically 4377:2
tell 4347:6 4378:7
telling 4367:16
terms 4347:21 4373:1
testimony 4380:3
thank 4347:4 4369:7 4371:15,20
  4372:15 4374:13,14,20 4380:17
  4381:24,25 4382:2
thanking 4374:16
thanks 4372:15
Thanksgiving 4376:14
thing 4347:19
things 4377:21
think 4347:11,23 4348:9,10 4364:16,19
  4364:20 4365:8 4367:10,15 4368:21
  4368:22,24,25 4371:22,24 4373:21
  4378:12
thinking 4377:8
thinks 4367:22
thought 4379:19
thoughtful 4371:25
three 4379:10
throw 4368:16
ticking 4377:10
ties 4380:3
time 4346:9 4347:2 4348:19 4371:20
  4372:14 4373:13 4374:4,5,7 4375:9
  4377:23 4378:6 4379:15,20 4380:10
  4380:20 4381:1,9,10

times 4365:14
tired 4376:15 4378:5
Toalson 4357:9 4358:14 4359:18
  4360:11 4361:15 4362:11,16,21
  4363:2,9,15,21 4364:3 4366:19
told 4366:22
TOPAZ 4344:15
total 4363:25 4367:6 4368:1,6
totally 4373:7
tough 4379:4
transcript 4344:7 4382:8
trial 4344:7 4375:10 4376:22
troubling 4367:13
true 4381:16
truth 4379:9
try 4367:23
trying 4375:6 4377:15
two 4366:25 4371:20 4378:12,15,23
  4379:24 4380:2,4

**U**

ultimately 4368:24
understand 4366:2,17 4369:11 4376:12
  4376:18 4381:7
Ungaro 4344:8 4374:24
UNITED 4344:1
unusual 4377:13
URSULA 4344:8
utmost 4372:14
U.S 4344:9

**V**

Valerie 4357:9 4358:14 4359:17
  4360:11 4361:15 4362:11,16,21
  4363:2,9,15,21 4364:3
verdict 4345:15,16,17,21 4346:19,21,23
  4347:21,22 4349:10,23 4350:1
  4366:5 4367:14 4372:4 4375:11
  4379:22
verdicts 4370:6,7,10,11,11,14,14,17,18
  4370:21,21,24,25 4371:3,3,6,6,9,9,12
  4371:13,17,24
view 4368:14 4378:23 4379:24
violated 4350:6,9,13 4351:7,12 4352:4,9
  4354:2,5,23 4355:2,5 4356:12,18,22
  4358:2 4359:7,25 4361:4 4362:9,14
violation 4348:1,4,4 4351:3,24 4352:24
  4353:14,21 4354:20 4355:21 4356:1
  4356:6 4357:13,19,24 4358:18,23
  4359:3,22 4360:15,20,25 4361:19,24
  4362:4,25 4363:13,19,25 4364:6
VOLUME 4344:6

**W**

W 4344:13
wait 4347:1 4369:9 4379:18
waive 4367:16
waiver 4367:21
want 4345:21 4347:2 4356:7 4366:15,15
  4369:11 4381:4
wanted 4345:15 4377:7 4381:1
wants 4349:7 4381:9
wasn't 4368:7 4376:14,15
waste 4381:9
way 4348:3 4349:1 4350:3 4369:12,14
  4369:16 4377:14 4380:3
ways 4366:20
weak 4379:6
WEAVER 4345:2
week 4376:16,16
weekend 4376:15,15
weeks 4381:21
weigh 4373:16,17
WEISSLER 4345:2
weren't 4365:18
West 4345:6
we'll 4346:8 4347:15 4349:11 4369:3
  4372:17 4373:24 4380:11,15 4381:13
  4381:25
we're 4374:3 4378:20 4380:11
we've 4377:14 4380:12 4381:20
whichever 4370:8
White 4344:19 4349:3 4350:9,13,15,24
  4351:4,9,20 4352:2,11,18 4353:1,10
  4353:18 4354:16 4355:17 4356:15,20



**William** 4344:23 4382:11
**willing** 4367:16,17
**wish** 4372:7
**work** 4349:12 4371:18 4372:5 4375:7 4378:8
**working** 4381:10
**worried** 4378:20
**worth** 4379:11,24
**wrap** 4374:2
**written** 4376:21
**wrote** 4379:3

**Y**

**Yeah** 4346:3 4368:2,22 4378:11
**York** 4344:14,14

**Z**

**zero** 4347:8 4353:23 4369:12
**ZIVITZ** 4344:16

**$**

**$1.4** 4379:8
**$1.5** 4378:20
**$2.41** 4347:11 4364:8

**0**

**07** 4347:25
**07-61542-Civ-UNGARO** 4344:2

**1**

**1** 4347:8 4350:4,8 4370:9
**1(a)** 4350:8
**10** 4348:6,21,21,22 4355:4
**10(a)** 4355:4
**10(b)** 4348:1,4,4 4350:6,10,13 4351:3,7 4351:12,24 4352:5,9,23 4353:14,21 4354:2,5,20,24 4355:2,6,21 4356:1,6 4356:13,18,23 4357:13,18,24 4358:3 4358:18,23 4359:3,8,22 4360:1,15,20 4360:25 4361:5,19,24 4362:4,9,14,24 4363:13,19,25 4364:6
**10(c)** 4355:19
**10(d)** 4355:24 4356:4
**10:28** 4345:9
**10:30** 4346:12
**10:32** 4347:5
**10:33** 4347:16
**10:45** 4347:17
**10:50** 4349:20
**100** 4356:9 4357:25 4359:4 4361:1 4362:5 4364:1 4365:7
**10005** 4344:14
**11** 4356:11
**11:07** 4364:13
**11:17** 4369:24
**11:20** 4372:16
**11:23** 4374:21
**12** 4356:16 4367:5,5,6
**12(a)** 4356:16
**12:55** 4374:22
**1292** 4377:5
**13** 4356:21
**13(a)** 4356:21
**13(b)** 4356:25
**13(c)** 4357:3,11
**13(d)** 4357:10,16,22
**13(e)** 4357:15
**13(f)** 4357:21
**1395** 4344:20
**14** 4358:1 4376:20 4377:23
**14th** 4344:20
**14(a)** 4358:1
**14(b)** 4358:5
**14(c)** 4358:8,16
**14(d)** 4358:15,21 4359:1 4365:19
**14(e)** 4358:20
**14(f)** 4358:25 4365:14,18
**140** 4344:14
**15** 4359:6 4364:19
**15(a)** 4359:6
**15(b)** 4359:10
**15(c)** 4359:20
**15(d)** 4359:19
**150** 4345:6

**16** 4359:24 4364:19
**16(a)** 4359:24
**16(b)** 4360:3
**16(c)** 4360:6,13
**16(d)** 4360:12,18,23
**16(e)** 4360:17
**16(f)** 4360:22
**17** 4361:3 4364:20
**17(a)** 4361:3
**17(b)** 4361:7
**17(c)** 4361:17
**17(d)** 4361:16,22 4362:2
**17(e)** 4361:21
**17(f)** 4362:1
**18** 4344:3 4362:7 4364:9 4382:11
**18(a)** 4362:7
**19** 4353:21,25 4362:12 4366:6 4369:5,6
**19(a)** 4362:12,18,23
**19(b)** 4362:17
**19(c)** 4362:22
**19(d)** 4363:11
**19(e)** 4363:10,17,23
**19(f)** 4366:7,8,14,18,23,24 4367:1,17
**19(g)** 4366:7,9,11,21,21 4367:2,17 4368:16
**19087** 4344:18

**2**

**2** 4350:12 4370:13
**2(c)** 4351:1
**2:03** 4382:4
**20** 4378:1
**20(a)** 4350:19 4351:15 4353:5 4354:11 4355:12 4357:5 4358:10 4359:14 4360:8 4361:11 4363:4
**2006** 4350:5 4353:22
**2007** 4350:5 4353:22 4354:1,1 4364:7,7
**2010** 4344:3 4364:10 4382:11
**2200** 4345:6
**25** 4350:5 4353:22
**26** 4344:6,6 4347:25 4354:1,1 4364:6,7
**26th** 4348:7,12
**28** 4378:1,2
**280** 4344:18

**3**

**3** 4351:5 4370:16
**3rd** 4344:14
**3(a)** 4351:5
**305** 4344:23
**33128** 4344:24
**33130** 4345:6
**33131-3302** 4344:21
**36** 4365:15

**4**

**4** 4351:10 4370:20
**4(a)** 4351:10
**4(b)** 4351:22
**400** 4344:24
**45** 4353:1,3

**5**

**5** 4352:3,25 4353:2 4370:23
**5(a)** 4352:3
**50** 4363:1,2 4364:2,3
**50/50** 4368:23
**523-5558** 4344:23

**6**

**6** 4350:4 4352:7 4371:2
**6(a)** 4352:7,15,22
**6(d)** 4353:12

**7**

**7** 4347:24,24 4348:6,9,15 4349:8 4353:25 4354:4 4365:4 4371:5
**7(c)** 4354:18

**8**

**8** 4354:22 4371:8
**8(a)** 4354:22

**9**

**9** 4350:5 4355:1 4371:11
**9:30** 4344:4