**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-61542-CIV-UNGARO/BANDSTRA**

IN RE BANKATLANTIC BANCORP,
INC. SECURITIES LITIGATION

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' FEE AND COSTS PETITION**

LABATON SUCHAROW LLP
Mark S. Arisohn, admitted *pro hac vice*
Serena Hallowell, admitted *pro hac vice*
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Class Counsel for Class Representatives
and the Class and Lead Counsel for Lead-
Plaintiff State-Boston Retirement System*

FOWLER WHITE BURNETT P.A.
Ronald D. Shindler
Florida Bar No. 781703
Scott A. Eichhorn
Florida Bar No. 17666
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, FL 33131-3302
Telephone: (305) 789-9222
Facsimile: (305) 789-9201
rshindler@fowler-white.com
seichhorn@fowler-white.com
*Liaison Counsel for Class Representatives and
the Class and for Lead Plaintiff State-Boston
Retirement System*

KESSLER TOPAZ
MELTZER & CHECK LLP
Andrew L. Zivitz, admitted *pro hac vice*
Matthew L. Mustokoff, admitted *pro hac vice*
Mark S. Danek, admitted *pro hac vice*
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Class Counsel for Class Representatives
and the Class*

## I.      INTRODUCTION

This Court's order filed on August 3, 2011 provided for an "award to Defendants of the reasonable attorneys' fees and other expenses they incurred in deposing Loverin and one-tenth of the reasonable attorneys' fees and costs incurred in the preparing and filing of the instant Motion for Sanctions."   DE 734 at 40-41.   Defendants submitted their fee petition ("Def. Pet.") on August 17, 2011 seeking a total of $60,647.62.   DE 737.   We oppose the bulk of the fees and costs requested as unreasonable, excessive and beyond the scope of this Court's award.

## II.     ATTORNEYS' FEES INCURRED IN DEPOSING LOVERIN

The Court's award was limited to the "reasonable attorneys' fees and other expenses … incurred in deposing Loverin."   DE 734 at 40.   Clearly fees incurred for any other purpose are not within the scope of the award and may not be recovered.   *See Fox v. Vice*, 131 S.Ct. 2205, 2218 (June 6, 2011).

Defendants seek to recover fees for 102 hours purportedly spent preparing for the Loverin deposition from January 31, 2010 through February 11, 2010.   Given that Loverin's deposition lasted for just 4 hours, including cross-examination, 102 hours of preparation time is unreasonable on its face.

Defendants' submission purports to duplicate the relevant time entries from the bills that were generated but adjusted to remove time and narrative unrelated to the deposition of Loverin. Def. Pet. at 4, n.6.   However, Defendants fail to disclose the methodology they used to make the purported adjustments.   This omission is problematic because many of the time entry narratives clearly relate to preparation of the "depositions" (plural) of the "confidential witnesses" (plural). Richard Jackson (designated as RBJ), for example, *who neither deposed nor attended the Loverin deposition*, has 18 hours supposedly devoted to preparing for it.   Each of his time entries

1

refers to depositions and confidential witnesses without a single reference to Loverin.  We object to these 18 hours at $375 per hour ($6,750) as both unreasonable and unsupported.

The fee request also seeks recovery for time spent in preparing for a meeting with and meeting with Loverin's counsel a week prior to the Loverin deposition, including travel time from Miami to New Jersey and back.  We object to this time as not reasonably necessary in connection with taking Loverin's deposition.  It appears that approximately 16 hours of Schachter's time on January 31 (1 hour), February 1 (1 hour), February 2 (4 hours) and February 3 (10 hours) falls into this objectionable category.  Accordingly, we object to $4,800 (16 x $300) of the fee request as unreasonable.

The submitted time record extracts also reflect time devoted to "research regarding work product," "research and analysis of issues relating to discovery regarding confidential witnesses," and "research regarding indemnification."  We object to Defendants' recovery of fees for this research as it does not appear to be within the scope of the order that is limited to the fees incurred "in deposing" Loverin.[1]  The time for this task is not separately broken out but includes Schachter time on January 31, February 1, 2, 3, 4, and 5, 2010.  We estimate 1/2 the time on these dates, other than February 2 and 3 which we have already objected to on other grounds, was devoted to this research.  Therefore we object to 5.00 additional Schachter hours at $300.00 per hour, or an additional $1,500.00.

During the week prior to the Loverin deposition, Schachter billed 32 hours ($9,600); Nathan billed 28.9 hours ($6,069.00).  We object to 50% of those fees as unreasonably excessive and therefore object to $7,834.50.

---

[1]  Additionally, this research appears to have been done in furtherance of Defendants' general contentions related to all of the confidential witnesses, not just Loverin, and is therefore

In sum, Plaintiffs object to $20,884 of the claimed fees regarding the Loverin deposition broken down as follows:

| | |
|---|---|
| Jackson's time: | $6,750 |
| Time for preparing for and meeting with Loverin's counsel: | $4,800 |
| Research time: | $1,500 |
| Preparation time: | $7,834 |

## III.   EXPENSES INCURRED IN DEPOSING LOVERIN

Defendants seek reimbursement of $5,146.97 in expenses.  We object to the following items as either unreasonable or beyond the scope of the Court's award:

$667.47 incurred for air travel, hotel and car rental in connection with meeting with Loverin's counsel.  We object to these expenses as not reasonably necessary in connection with taking Loverin's deposition.

$789.40 incurred for Schachter flying first class return trip to Miami following Loverin's deposition.  *See* DE 737-1 at page 14 of 15.  The amount is the difference between Nathan's airfare bill for round trip economy class of $714.00 (*see* DE 737-1 at p. 12 of 15) and the $1,503.40 bill for Schachter's airfare.

$195.00 incurred for process server fees.  This amount appears to be the balance remaining after deducting the $55.00 that was awarded on Defendants' taxable costs petition. The additional amount now sought is improper.  As Magistrate Judge Bandstra held in connection with the taxable costs application, the maximum recoverable fee for process service is $55.00.  See DE 735 at 8-9.

---

not recoverable. *Fox*, 131 S.Ct. at 2218 (holding that a defendant may not recover attorneys' fees for work that the attorney would have performed regardless of the frivolous allegations).

$55.00 incurred as a mileage fee.  The supporting documentation for this item is lacking as also found by Magistrate Judge Bandstra.  *See* DE 735 at 10.

$100.00 incurred for court reporter fees and transcript.  This amount appears to be the excess over the amount allowed for this item by Magistrate Judge Bandstra (*id.* at 12) and is therefore unreasonable.

$810.00 incurred for videotaping and preparation of a DVD of the deposition.  Magistrate Bandstra denied this cost as not "necessarily incurred."  *Id*. at 12.  It is therefore an unreasonable cost that is not recoverable.

$759.00 incurred on April 22, 2010 for the transcription of the Loverin audio.  This cost is objectionable as unnecessary and beyond the scope of the award.  First, Plaintiffs provided to defense counsel a transcript of the Loverin audio prior to the Loverin deposition.  Second, the Loverin deposition was held on February 12, 2010 and was long over by the time this cost was incurred.  As such, the cost could not have been incurred in connection with the Loverin deposition and is beyond the scope of the award.

In sum, Plaintiffs object to $3,375.87 of the costs for which Defendants seek reimbursement.

### III.  ONE TENTH OF THE REASONABLE ATTORNEYS' FEES INCURRED IN PREPARING AND FILING THE INSTANT MOTION FOR SANCTIONS

Defendants claim $208,566.50 as their total fees incurred in preparing and filing the motion for sanctions and $20,856.65 as the one-tenth portion allowed by the award.  This amount is excessive and beyond the scope of the award which is limited to the reasonable fees incurred in "the preparing and filing of *the instant Motion for Sanctions.*"  DE 734 at 40-41.  Emphasis supplied.  The time record extracts submitted by Defendants demonstrate that $140,326.50 of the

4

total fees purportedly incurred were incurred in connection with the Defendants' earlier motion for sanctions filed in 2010 (DE 248) – clearly not *the instant motion for sanctions* – which was denied (DE 676).  Accordingly Plaintiffs object to one-tenth of that amount, or $14,032.65, as outside the scope of the award.

Although Plaintiffs object to the entire amount claimed for the 2010 sanctions motion as outside the scope of the award, the time claimed for the sanctions motion in 2010 is clearly excessive.  Defendants' submission reflects  a total of 395.5 hours by six attorneys: Schachter (193 hours), Buttrick (31.6 hours), Jackson (40 hours), Mead (14.5 hours), Nathan (65.9 hours) and Stearns (50.5 hours).  The excessiveness of this time is illustrated by the entries for July 26 and 27, 2010 relating to Defendants' submission on July 27, 2010 of a *one page* notice of supplemental authority (DE 392).  Defendants claim a total of 6.5 hours spent by four attorneys for this task: Schachter (2 hours), Jackson (.5 hours), Mead (1 hour) and Stearns (3 hours).  Moreover, this notice of supplemental authority was stricken by the Court as improper. DE 401.

**CONCLUSION**

For the foregoing reasons, Plaintiffs object to a total of $37,992.52 of the $60,647.62 sought by Defendants.

Date: August 30, 2011

Respectfully submitted,

/s/ Mark S. Arisohn
Mark S. Arisohn, admitted *pro hac vice*
Serena Hallowell, admitted *pro hac vice*
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Class Counsel for Class Representatives
and the Class and Lead Counsel for Lead
Plaintiff State-Boston Retirement System*

Andrew L. Zivitz, admitted *pro hac vice*
Matthew L. Mustokoff, admitted *pro hac vice*
Mark S. Danek, admitted *pro hac vice*
KESSLER TOPAZ
MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Class Counsel for Class Representatives
and the Class*

FOWLER WHITE BURNETT P.A.
Ronald D. Shindler,
Florida Bar No. 781703
Scott A. Eichhorn
Florida Bar No. 17666
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, FL 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
rshindler@fowler-white.com
seichhorn@fowler-white.com

*Liaison Counsel for Class Representatives and
the Class and for Lead Plaintiff State-Boston
Retirement System*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Scott A. Eichhorn
Scott A. Eichhorn

## SERVICE LIST

Adam M. Schachter
Eugene E. Stearns
Gordon M. Mead, Jr.
Stearns Weaver Miller
Weissler Alhadeff & Sitterson, P.A.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)789-3400
Facsimile: (305) 789-3395
aschachter@stearnsweaver.com
estearns@stearnsweaver.com
gmead@sternsweaver.com